## COKER v. PEARSALL.

1. Upon the forfeiture of a mortgage, the mortgagee becomes not only entitled to the possession of the mortgaged premises, but also to the rent then in arrear and unpaid, upon notice to the tenant in possession.

ERROR to the Circuit Court of Franklin.

Debt on promissory note, by the defendant against the plaintiff in error.

The defendant pleaded *nil debit* and payment, and a special plea, that the note sued on was given for the rent of certain lands in Franklin county, for the year 1840; which lands had been previously, to wit: in 1836, conveyed by deed of mortgage, by John L. McRae, to one S. R. Cockrell; and afterwards, on the 11th January, 1840, the said McRae conveyed by deed the equity of redemption to the plaintiff. That after forfeiture of the aforesaid mortgage, and whilst it was in full force, he had notice from the mortgagee, that he held him liable for the rent of said lands. That on the 15th June, 1840, the plaintiff conveyed to S. R. Cockrell the equity of redemption, without reservation of the rent; and the said McRae also conveyed in fee to the said Cockrell; and that defendant attorned to the said Cockrell, and paid him the rent for which the note sued on was given; and this, &c.

The plaintiff replied, that when Pearsall made the conveyance, as aforesaid, to Cockrell, it was with an express reservation of the lands so conveyed for the year 1840.

Issue being taken on these pleas, the defendant read in evidence to the jury, the deeds mentioned in the pleas; whereupon the plaintiff, by his attorney, introduced a witness to prove, that by a parol agreement, made at and previous to the signing, sealing and delivery of the deeds, in fee for the lands described in the pleas, the rent for the year 1840 was reserved to the plaintiff. To which evidence the defendant objected; but the court overruled the objection, and permitted the testimony to go to the jury; to which the defendant excepted, and which he now assigns for error.

Nooe, for plaintiff in error, insisted, that as the mortgage was forfeited, the fee was in Cockrell, and he was, therefore, entitled to the rent independent of the conveyances of the land to him in June, 1840, [3 Stewart, 50; 9 Cowen, 38,] and that the tenant was justified in attorning to him, and in paying him the rent. [20 Johns. 51.]

But the right of Cockrell to the rent, was placed beyond doubt by the conveyances of June, 1840, by which he became the absolute owner of the soil, the rent being a mere incident of, and following the fee.

The introduction of parol evidence, to show that the rent was reserved, when the deed is silent as to any such reservation, was clearly erroneous, as it varied, by parol, the terms of a written contract, and there was no allegation of fraud, which could alone authorize its introduction. [5 Porter, 498; 1 Ala. 160; id. 571; 1 J. C. R. 429; 8 Johns. Rep. 189.]

Cooper, contra. Pearsall was either the tenant of McRae, or the purchaser of his possessory interest; and in either case, had paid in advance for it. Cockrell purchased with notice of the interest of Pearsall; and as Pearsall did not owe rent to McRae, his release to Cockrell of all his interest did not extinguish the rent. [9 Cow. 39.]

The parol evidence did not contradict the written instrument, but was proof of a collateral fact.

As the tenant cannot deny the title of his landlord, the only mode by which the defendant could be relieved, would be by a bill of interpleader, if his view is sustained by the court.

ORMOND, J.—Upon the forfeiture of the mortgage, Cockrell, the mortgagee, became entitled to the possession of the mortgaged premises; and upon notice to the tenant, the latter became responsible to him, not only for the rent falling due subsequently, but for the rent then in arrear. [See Moss v. Gallimore, Douglass, 266, where the doctrine, and the reason upon which it is founded, are stated at large. To the same effect is Mansony & Hirtel v. The U. S. Bank, 4 Ala. 746; and Chambers v. Mauldin, id. 477.]

The plea does not, it is true, expressly allege notice to the tenant, but it does allege that the tenant attorned to the mortga-

gee, and paid him the rent, which must be considered an admis-
sion of notice that the mortgage was forfeited, and that the mort-
gagee was entitled to the rent.   Such being the case, he was not
responsible to the mortgagor, or those claiming under him; and
it became, therefore, unnecessary to consider the effect of the re-
servation of the rent by parol, where the conveyance of the fee
was made to Cockrell, because there was no right existing either
in McRae or Pearsall to be reserved.

It results necessarily, that the court erred in permitting the evi-
dence to go to the jury; and the judgment mnst be, therefore, re-
versed, and the cause remanded.