## SMITH v. TAYLOR.

1. Two persons having a law suit about a tract of land, one wanting to rent it applied to both for that purpose, but both declined to exercise ownership over it. He then told them he should cultivate it, and would pay rent to whichever of the two was ascertained to be the owner. Held, that this promise inured to the owner of the land, and that the tenant could be garnisheed by a creditor of the owner, when that fact was ascertained.

2. Where the mortgage provided, that after default of payment the mortgagee might enter, the mortgagor is entitled to possession until such default; and if the land is rented, the tenant is liable to his landlord for the rent, after default, if he has not been notified by the mortgagee not to pay it over.

3. A set off cannot be made, unless the party offering it could have maintained an action upon it in his own name, against the other party.

Error to the County Court of Lowndes.

THE plaintiff in error was garnisheed by defendant in error, to say what he was indebted to John B. Lamkin, his judgment debtor. Judgment by default was taken against him, and upon a *scire facias* he appeared, and answered, denying that he was indebted to Lamkin; that he cultivated about fifty or sixty acres of land, once claimed by Lamkin, but that Lamkin had abandoned the same, previous to the garnishment.

. The plaintiff made affidavit, contesting the truth of the answer, and an issue was made up between them.

Upon the trial of the issue, a bill of exceptions was taken, from which it appears, that to show title in Lamkin to the land, for which rent was claimed of the garnishee, for the years 1843 and 1844, the plaintiff offered in evidence the record of a suit in Chancery, in which Lamkin and others were complainants, and Reese and others defendants, and a certificate of affirmance of the Chancellor's decree, made by the Supreme Court, which suit was instituted to determine the title to the land in question. To the introduction of this evidence the garnishee objected, but the court overruled it, and the entire record was introduced in evidence. The plaintiff also read to the jury a mortgage, by Lamkin, to the Branch Bank at Montgomery, embracing the land in question, dated 1st March 1842. It was also proved, that about the month of November, 1842, Lamkin abandoned the land, and disavowed all claim to it; and there was no proof that he ever afterwards asserted claim to, or control over it. That the garnishee took possession in March, 1843, it then being without a tenant, and kept the possession the whole of that, and the succeeding year, and cultivated it.

In the month of July, 1844, the Bank sold the land under the mortgage, as the property of Lamkin, to one Lewis; but there was no proof that the Bank asserted any title against Smith for rent, or that the Bank ever had, or demanded possession.

The plaintiff read the deposition of the garnishee, taken in the Chancery suit above referred to, in which he stated— I am in possession of the land; that seeing it abandoned, he applied to Lamkin and Reese, the persons he understood to be interested in it, to rent a part of it; that both refused to

have any thing to do with it.   He then informed them, he
should cultivate a part of it, and was willing to pay a reason-
able rent ; that neither objecting, he planted and made a crop
in the year 1843.

- The garnishee requested the court to charge the jury, that
if they believed the evidence, Lamkin would have no right
to recover rent from Smith, after the first note described in
the mortgage fell due, if there was a failure to pay it; and
also requested the court to charge, that after default in pay-
ment of the first note, the legal estate was in the Bank, and
only an equity of redemption in Lamkin ; which the court
refused, but charged that the legal estate in said land, not-
withstanding the mortgage and default, was in Lamkin, un-
til the time of the sale by the Bank ; and that if Smith culti-
vated the land, under a contract with Lamkin, either express
or implied, he would be liable to him for rent, up to the time
of the sale by the Bank, and for the residue of the term, if
the rent was not reserved at the sale, the purchaser would be
entitled to it.

The defendant also requested the court to charge, that
from the proof, they were not authorized to infer a contract,
either express or implied, to pay rent to Lamkin, and that
Smith could not be charged as a debtor to Lamkin, in this
suit.   The court refused to give the charge, and charged, that
if there was no evidence of an express contract, the law would
imply one, if Smith's entry on the land, and his possession
was peaceable, and not against the consent of Lamkin.   To
all which the defendant excepted.

The defendant also read in evidence, a note by Lamkin
and Reese to him, and another as executors of B. C. Smith,
for $925, dated 1st January, 1839, and due 21st December,
after ; upon which were credits for $868 25, and claimed
the balance due as an off set, if the jury considered him bound
for the rent.   The court rejected the note, because the legal
title was in defendant, and another, as executors, and de-
fendant excepted.

The jury found the defendant indebted to Lamkin $310,
which was condemned to the satisfaction of the plaintiff's
debt.   All which is now assigned for error.

GILCHRIST, for plaintiff in error. The land was mortgaged by Lamkin, before Smith took possession of it, and there was no agreement for the possession of the land, or for rent before the forfeiture. The legal estate then vested immediately in the mortgagee, the Bank, it could bring ejectment and could recover rent from a tenant holding under a lease from the mortgagor, no attachment being necessary in this State. [4 Ala. Rep. 735; Clay's Dig. 156, § 29.]

Even where it is stipulated that the mortgagor may remain in possession until forfeiture, after default, the mortgagee is entitled to all the rent which accrued after the making of the mortgage, that is then in arrear and unpaid. [6 Ala. Rep. 542.]

The legal estate in the land being in the Bank, by the terms of the mortgage, and there being no contract for rent, Smith is alone liable to the Bank in an action of trespass. [1 S. & P. 294; 7 Ala. Rep. 315.] If the title of the land was in Lamkin, as the garnishee occupied by sufferance merely, the relation of landlord and tenant did not exist. If liable, it was in trespass, and a garnishment would not lie.

T. J. JUDGE, contra, As authority is given in the mortgage, after default, " to enter upon the lands, sell, &c." the legal implication is, that the mortgagor was entitled to the possession until default. There was no proof, that the first note recited in the mortgage was not promptly paid at maturity; the court therefore correctly refused the charge, that Lamkin could not recover rent after the note fell due.

There was no proof that the Bank ever claimed rent, or gave notice to the garnishee not to pay it over. The charge of the court therefore was strictly correct. That a contract to pay rent may be implied, see 7 Ala. Rep. 817.

ORMOND, J.—It appears, that when the land, for the rent of which this garnishment was sued out, was abandoned by Lamkin, the garnishee took possession of it, and made an ineffectual effort to rent it of Lamkin, and of Reese, both of whom declined to exercise any control over it, there being a law suit between them in regard to it. He then informed them, he should cultivate it, and was willing to pay a rea-

sonable rent; to which no objection was made by either. We think this was a promise to pay rent, to whichever of the two should be ascertained to be entitled· to receive it ; and it having been determined by the Chancellor, that Lamkin had no right to rescind the contract, and that the land was his, the promise of the garnishee to pay rent, inures to his bene-fit. In this aspect, and for this purpose only, the decree made in the suit between Lamkin and Reese was competent evidence.

It is further contended, that by the mortgage of Lamkin to the Bank, his right to the possession of the land was gone. When the mortgage is silent as to the right to the possession of the mortgaged estate, if the debt to secure which it was made is not due, the legal inference would probably be, that the mortgagee could not enter until the debt was due, and default of payment. In this case, the mortgage provides, that after default, the mortgagee may enter, thereby exclud-ing the presumption of a right to enter before that period ar-rived. With us, the estate of the mortgagor in possession, has always been considered the legal estate, subject to be di-vested by the entry of the mortgagee, for a breach of the condition, after default. If the land is in possessian af a ten-ant, he will be justified in paying the rent to his landlord, until he received notice from the mortgagee that he claims it; and he may, after forfeiture, assert title, not only to that which is subsequently to fall due, but also to that which is in arrear. [Coker v. Pearsoll, 6 Ala. Rep. 543 ; Chambers v. Mauldin, 4 Id. 477.]

No such claim appears to have been asserted in this case. The fact that the land was sold in July, 1844, by the Bank, under the mortgage, is not notice of itself to the tenant not to pay over the rent then due to the mortgagor, and as he could not resist a recovery by Lamkin, so neither can he pre-vent it, when garnisheed by a creditor of Lamkin, who, up-on this garnishment may recover of Smith, whatever Lam-kin could have recovered from him, for the rent, in an ac-tion of assumpsit.

The note of Lamkin and Reese to the garnishee and an-other, as executors, offered in evidence as a set off, or extin-guishment of the debt due for the rent, was properly reject-

ed. A set off is in the nature of a cross action, and can not be allowed where the party offering it could not maintain a suit upon it, against the other party. If Lamkin was suing for the rent, it is clear this note could not be pleaded as an off set, because the garnishee could not sue him upon it in his own name, but must join his co-payee with him in the suit. If he were the survivor, and entitled to sue in his own name, it would be a good set off. That not being shown to be the fact, it was properly rejected.

Let the judgment be affirmed.