# Marx, Frenkel & Co. v. Marx.

*Action for Rent, and for Use and Occupation.*

*Mortgagee's right to rents.* — A mortgagee may, by notice to the tenant, intercept and claim the rents of the mortgaged premises, whenever he can recover the possession in ejectment ; and a second mortgagee may, in like manner, by notice to the tenant, claim the rents in preference to the mortgagor or his assignee, unless they have been intercepted by the first mortgagee.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN ELLIOTT.

In this case, two actions were brought by E. H. Marx against Marx, Frenkel & Co., to recover two months' rent of a storehouse in the city of Mobile ; and were commenced before a justice of the peace. The cases were removed by appeal, by the defendants below, into the circuit court, where, by consent, one case was tried, and the same judgment was rendered in each case. It was shown on the trial, as appears from the bill of exceptions, that the defendants went into the possession of the store in 1868, under a lease for five years from Moses Marx and Henry Marx, to whom the store then belonged jointly. There was at that time a mortgage on the property, given for a part of the purchase-money ; and they afterwards executed

VOL. LI.

[Marx v. Marx.]

a second mortgage on it, of which Proskauer & Co. became the owners by assignment before the commencement of this suit. Henry Marx having died, his undivided half interest was sold under an order of the probate court, and was purchased at that sale by the plaintiff, who received the administrator's deed, and demanded of the tenants one half of the monthly rent due by their lease. The tenants refused to pay, on the ground that they had been notified by Proskauer & Co. to pay the rent to them; and hence this suit. The court charged the jury, in substance, that the plaintiff was entitled to recover, notwithstanding the claim of Proskauer & Co.; to which charge the defendants excepted, and they now assign it as error, with other matters not necessary to be noticed.

G. B. CLARK, for appellants. — A mortgagee may recover the possession of the mortgaged property in ejectment, and intercept the rents by notice to the tenant. *Chambers* v. *Mauldin*, 4 Ala. 477; *Duval's Heirs* v. *McLosky*, 1 Ala. 729; *Mansony & Hurtel* v. *United States Bank*, 4 Ala. 746; *Coker* v. *Pearsall*, 6 Ala. 542; *Smith* v. *Taylor*, 9 Ala. 633; *Hutchinson* v. *Dearing*, 20 Ala. 789; *Branch Bank* v. *Fry*, 23 Ala. 770; *Barron, Meade & Co.* v. *Paulling*, 38 Ala. 292; *Knox* v. *Easton*, 38 Ala. 345. The same principle applies equally to a second mortgagee, who may recover against all the world except the first mortgagee. Tyler on Ejectment, 56, 548; *Savage* v. *Dooley*, 28 Conn. 411; *Levy* v. *Horne*, 3 Ad. & El. 757; 2 Harrison's Digest, 2584; *Charles* v. *Dunbar*, 4 Metc. 448; 1 Hilliard on Mortgages, 301; *Porter* v. *Seeley*, 13 Conn. 564; *Burr* v. *Spencer*, 26 Conn. 159; *Steadman* v. *Garrett*, 18 Vermont, 346; *Railroad Co.* v. *Ralston*, 15 Ala. 472; 1 T. R. 760, *n.*; Cowper, 601; 4 Doug. 309.

BOYLES & OVERALL, *contra.* — Henry Marx, if living, might have recovered the rent until his possession was disturbed; and the plaintiff succeeded to all his rights. A mortgage is nothing but a security for a debt, and the interest of the mortgagee is a mere chattel. 1 Hilliard on Mortgages, 235–6, and cases cited; 27 Barbour, 504, and cases there cited; Southern Law Review, April, 1873, p. 400.

B. F. SAFFOLD, J. — The appellants were the tenants of a storehouse, which was owned jointly by one of them, Moses Marx, and Henry Marx. This house had upon it a first and second mortgage executed by these owners, when the half interest of Henry Marx, who had died, was sold by his administrator, and purchased by the appellee. The said appellee gave notice to the tenants of his accession to the right of the de-

ceased owner, and claimed his share of the rent falling due. They refused to pay to him, because they had been notified by the assignee of the second mortgage to pay to him. He then brought this suit, to recover such portion of the rent as he deemed to be due. The court charged the jury, in substance, that while the owners of the first mortgage would have the right to intercept the payment of the rent to the plaintiff by notice, the latter was entitled to it in preference to the second mortgage, by reason of the right of the first.

The ruling of the court is incorrect. Every conveyance of an estate in any hereditament, corporeal or incorporeal, is good and effectual without attornment of the tenant ; but no tenant who has paid his rent, without notice of such conveyance, is liable therefor. R. C. § 1568. That a mortgagee, in any case where he has the right to recover the possession of the premises by ejectment, may intercept from the mortgagor, or one claiming under him, the rents of the same, by notice to the tenant, is abundantly shown in *Mansony & Hurtel* v. *U. S. Bank and its Assignees*, 4 Ala. 735, 746 ; *Hutchinson* v. *Dearing*, 20 Ala. 798, 802 ; and *Knox* v. *Easton*, 38 Ala. 345, 356. If there could have been any reasonable doubt of the right of a second mortgagee to bring ejectment, it is dispelled by section 2871 of the Revised Code, which authorizes an execution to be levied on an equity of redemption, in either land or personal property. As both mortgages take precedence of the plaintiff's purchase, it is immaterial to him that the prior mortgagee fails to assert his privilege. *M. & C. P. R. R. Co.* v. *Talman & Ralston*, 15 Ala. 472.

The judgment is reversed, and the cause remanded.