# Coker v. Whitlock, Trustee.

### Bill to enjoin Waste.

1. *Conveyance by mortgagor before law day; what passes by.*—A sale and conveyance of lands before the law day, by a mortgagor or grantor in a deed of trust, passes only the equity of redemption, and the right of possession against the mortgagee or grantee in the deed of trust, and operates no embarrassment of his legal remedies for the recovery of possession, when the right to it accrues, and works him no injury.

2. *Waste; when court of equity will enjoin.*—A court of equity, in a proper case, will interfere by injunction, before the arrival of the law day, to restrain waste by the mortgagor, or his alienee in possession. But the waste or injury, against which protection is asked, must be such as to impair the security of the mortgage.

3. *Same; what does not constitute.*—The removal from the mortgaged premises of rails half decayed, and the scattered planks of a building, which had fallen from its own decay, and which were not worth over fifty dollars, (it not appearing that the permanent value of the place was impaired) presents no case for equitable interference against waste.

Vol. LIV.

[Coker v. Whitlock, Trustee.]

4. *Same, bill filed to prevent; what proper decree on.*—On bill filed before the law day to enjoin waste, where the waste is shown, the proper decree is an injunction against its future commission, and an account of the damages already sustained. The court has no power, on such a bill, to oust the alienee of the mortgagor, and in effect deprive him of all right and interest in the premises.

APPEAL from Chancery Court of Cherokee.

Heard before Hon. B. B. McCRAW.

The appellee, Whitlock, was surety upon the guardianship bond of Poore, who, to indemnify him and the other sureties, executed a deed of trust to Whitlock on the lands in controversy. Poore sold the lands to Coker, executed a conveyance and put him in possession. Shortly afterwards, Whitlock, in behalf of himself and the other sureties, filed this bill, although he had not been called on to pay any thing on account of the guardianship, and it would be three years before the ward would be of age, at which time, according to the deed of trust, Whitlock was to have the power to sell, &c., in payment of any decree which might be rendered on final settlement.

The bill alleges that Coker is committing waste, &c., and prays that the deed to Coker be declared void; for an account of the damage to the lands; that both defendants be enjoined from making any disposition of the lands until the guardianship is settled. Poore answered, admitting the allegations of the bill except as to waste. Coker demurred to so much of the bill as sought to have the deed to him declared void, because the court had no jurisdiction of the property in the deed of trust before the law day, except to prevent waste, which he positively denied. The testimony showed that Coker had hauled off some old rails, and some plank which was part of a stable which had fallen down, and that the property was not worth over fifty dollars, and its removal did not lessen the permanent value of the premises.

On a final hearing, the chancellor ordered that property be taken into possession of the court, with leave for the trustee to apply to the court for instructions as to management, and enjoined the appellant from committing any further waste, and from asserting any right to the lands, until the trust deed to appellee was fully complied with. From this decree Coker now appeals.

WATTS & WATTS, TURNLEY & SON, and J. COOPER, for appellant.—Poore had the right to sell the land to Coker, subject to the deed of trust to Whitlock. Coker then had the right to the possession, rents and profits of the lands until the forfeiture of the conditions of the trust deed.—*Hutchin-*

*son v. Dearing,* 20 Ala. 798; *Smith v. Taylor,* 9 Ala. 633; *Bank v. Fry,* 23 Ala. 170. Whitlock's bill failed to show any cause for the interposition of a court of equity; he failed to show waste, and he had no right to the possession until default made by Poore.

FOSTER & FORNEY, and McSPADDEN, *contra.*—Coker's title was void, as Poore had neither legal title nor a perfect equity, and his possession was illegal and cast a cloud upon the trustee's title which equity will remove.

BRICKELL, C. J.—The conveyance to appellee, though in form, a deed with trusts, is, in its legal operation and effect, a security for the indemnity of the sureties of the grantor, as guardian, against the contingent liability incurred by them in joining the grantor in the execution of the bond required of him. It does not materially differ from a mortgage—the estate of the grantee, and his rights, are those of a mortgagee—and the estate remaining in the grantor, is that known to courts of equity, and now recognized in courts of law as an equity of redemption.—*Elmes v. Southerland,* 7 Ala. 262; *Pope v. Wilson, ib.* 690; *Smith v. Leavitts,* 10 Ala. 92; *Allen v. M. & W. P. R. R. Co.,* 11 Ala. 453; *Hindman v. Dill, ib.* 689; *Graham v. Lockhart,* 8 Ala. 9. In the absence of an express stipulation in the deed, the law day not occurring until the contingent liability against which indemnity is intended, should become fixed, as matter of legal presumption, the operation of the deed is not to transfer possession, but the grantor has the right to continue in possession, taking the rents and profits to his own use, without liability to account for them to the grantee.—*Elmes v. Southerland, supra; Chambers v. Mauldin,* 4 Ala. 477; *Coker v. Pearsall,* 6 Ala. 542; *Hutchinson v. Dearing,* 20 Ala. 798; *Smith v. Taylor,* 9 Ala. 633. The deed contains an express provision, that the grantor should continue in possession until the wards, who were infants, should arrive at full age, and the sureties should thereafter request the grantee to sell for their indemnity. It is shown by the bill the wards had not attained full age when it was filed. The appellee was not therefore entitled to possession of the premises, nor to an account of the rents and profits. A sale and conveyance by the grantor, would pass to the vendee the right to possession, and to the reception of the rents and profits until the expiration of the law day, and then the right to redeem, or rather by satisfying the liability against which the conveyance to the appellee was intended to indemnify, to discharge

the premises of the incumbrance that conveyance creates. Such sale and conveyance, passing only the equity of redemption, and the right of possession, as against the appellee, whatever may be its form, or the estate it purports to create, works no injury to him, and cannot operate to embarrass his legal remedies for the recovery of possession, when his right to it accrues, if it should be necessary for him to resort to them.

So far as the bill complains that the appellant Coker, subsequent to the conveyance to the appellee, purchased of Poore, appellee's grantor, the mortgaged premises, entering into possession, and is pursuing legal remedies to recover the rents and profits, and to eject one who has intruded on his possession, it is without equity. There may possibly be cases in which a court of equity to preserve the security of a mortgagee of real estate, and to quiet his title by the prevention of future litigation, would intervene and define clearly his estate and that of a purchaser from the mortgagor, who had purchased and was entering into possession in avowed hostility to his title, and for the purpose of casting a cloud on it. If there can be such a case, it is not made by this bill. Its whole theory is, that the estate of the mortgagor was not alienable, and the alienee entering into possession was an intruder on the mortgagee. Such a theory is without support in law, and is in direct conflict with the statute which subjects the equity of redemption of a mortgagor to sale under execution at law.

The only other ground of complaint is, that Coker, the alienee of the mortgagor, was committing waste on the premises. A court of equity will interfere by injunction to restrain waste by a mortgagor in possession, or by his alienee. The ground of the jurisdiction, when the interference is before the law day, when the mortgagee cannot enter, is the want of an adequate legal remedy, and the right of the mortgagee to his whole security unimpaired during the life of the mortgage.—High on Inj. §§ 444-5. The waste against which protection is afforded, must be of injury to the freehold—must impair the security of the mortgagee.— *King v. Smith*, 2 Hare, 244. There was, according to the evidence in this cause, nothing more than a removal from the premises of rails half decayed, and the scattered plank of a building which had fallen from its own decay, and which were not of probable value of fifty dollars. This is not waste, in the contemplation of a court of equity, especially when it does not appear the permanent value of the premises were in the least impaired. If there had been waste shown, it would not have authorized the decree rendered by the

[James et als. v. Faulk et als.]

chancellor, which dispossesses the purchaser from the mortgagor, and in effect annuls his conveyance, depriving him of all right and interest in the premises. The proper decree, if waste had been shown, would have been an injunction against its future commission, and an account of the damages already sustained.

The decree of the chancellor must be reversed, and a decree here rendered dismissing the bill at the costs of the appellee in this court, and in the court of chancery.