# Ala. Gold Life Insurance Co. *v.* Oliver.

*Action on Promissory Note, by Assignee against Maker.*

1. *Sale and conveyance of leased premises.*—An absolute conveyance of lands by the lessor, before the expiration of the term for which they are leased, the purchaser having notice of the lease, passes to him only the reversion, which is all the estate of the grantor; and the legal effect of the conveyance can not be varied by proof of parol agreements, prior or contemporaneous.

2. *Rent as incident of reversion, and severance thereof.*—Rent is an incident to the reversion, and passes to a purchaser or assignee, unless severed; but, a note given for rent being assignable, and being assigned before a sale and conveyance of the premises to the lessee himself, the rent is thereby severed from the reversion, and the assignee is entitled to recover it.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellant, a domestic corporation, suing as assignee, against H. L. Oliver and C. D. Oliver; was founded on the defendants' promissory note for $125, dated the 1st December, 1879, and payable twelve months after date, to the order of T. N. Fowler; and was commenced on the 9th July, 1883. The record does not show what pleas were filed, but there was a verdict for the defendants on issue joined. It was proved on the trial, as the bill of exceptions shows, that the note was given for the rent, during the year 1880, of a plantation in said county belonging to Mrs. Rebecca Smith, who resided in Mobile, and for whom said Fowler acted as agent; that the land was rented to said H. L. Oliver, who signed the note as principal, while C. D. Oliver,

who was his father, signed it as his surety; that afterwards, in the same month of December, 1879, the land was sold and conveyed by Mrs. Rebecca Smith, through said Fowler as her agent, and through J. W. Lapsley as her attorney, to said C. D. Oliver, who, at the same time, executed a mortgage on the premises to secure the payment of the purchase-money as stipulated; and that nothing was said about the note for the rent, either at the time these papers were executed and delivered, or pending the negotiations. By the terms of the sale and conveyance, the purchase-money was $2,500, for which five promissory notes were given, payable on the 1st January, 1881, and each successive year afterwards, with interest from the 1st January, 1881; and it was proved that these notes were paid as they matured.

H. L. Oliver, one of the defendants, testified, "that he went into the possession of said premises about the 1st January, 1880, and received possession from said C. D. Oliver, his father, who then held a deed of sale to said land from Mrs. Rebecca Smith; that he remained in the quiet and peaceable possession of the premises during the year 1880, and paid the rent, the amount specified in said note, to said C. D. Oliver during the year 1880." C. D. Oliver, whose deposition was taken by the defendants, thus testified in reference to the transactions: "At the time I joined in making said note, I was living in Huntsville, and said H. L. Oliver, my son, was living in Shelby county. Being informed by him that the Smith place could be purchased on moderate terms, I wrote to him that we would rent the place for the year, in order to secure the possession and be certain of it, until I could come down and negotiate the purchase through Col. Lapsley, who was the agent of Mrs. Smith. A few days after my son and I made said note to Fowler, as agent of Mrs. Smith, I came to Shelby county, and, through Col. Lapsley, submitted my proposition for the purchase of the place, which was accepted;" and that his only purpose in renting the place was as stated. Said Fowler, whose deposition was taken by the plaintiff, testified (among other things) as follows: "The reason why said installments of the purchase-money only drew interest from the 1st January, 1881, was because I, as agent for Mrs. Smith, had rented said premises, for one year, to H. L. Oliver, and he was in possession under said lease; and as I could not give possession to the purchaser until the expiration of the lease, to-wit, January 1st, 1881, I agreed that no money or interest should be paid, or begin to accrue, until the lease expired and I could put the purchaser in possession. The note in suit was executed prior to the sale of the property, or any negotiations looking to said sale. The Alabama Gold Life Insurance Com-

[Ala. Gold Life Ins. Co. v. Oliver.]

pany became the owner of said note before said sale, and is now the owner. At the time of said sale to C. D. Oliver, nothing was said about said note by him or me. He did not claim or demand its surrender to him, and did not repudiate his liability on it." The plaintiff read in evidence, also, a letter written by said H. L. Oliver to said Fowler, which was dated November 8th, 1879, inclosing the note for the rent, and stating that the writer had taken possession of the premises; and the charter, or act of its incorporation, was also read in evidence.

"This was all the evidence;" and thereupon the court instructed the jury, at the instance of the defendants, that they must find for the defendants, if they believed the evidence. The plaintiff excepted to this charge, and now assigns it as error, together with the refusal of several charges asked and refused.

E. P. MORRISSETT, for appellant.

H. C. TOMPKINS, contra.

CLOPTON, J.—The legal effect and import of the conveyance from Mrs. Smith to the defendant, C. D. Oliver, are to vest in him all the estate in the lands conveyed, which she held and owned at the time of its execution; and can not, as between the parties, be substantially added to, or diminished, or varied, by evidence of parol agreements, prior or cotemporaneous. The lands having been previously rented for an unexpired term, of which the grantee, being a surety on the note for the payment of the rent, had notice, he accepted and took the conveyance subject to the lease.—*Comer v. Sheehan,* 74 Ala. 452. The estate residing in the lessor, in such case, is the reversion, and this the conveyance operates to pass. The necessity of attornment has been dispensed with by statute; but rents accruing and maturing after the conveyance, unless severed, pass as incident to the reversion, and the owner is entitled to them. Each, the rent and reversion, may be assigned without the other. No inseparable connection exists.

The contestation arises on the affirmative charge in favor of the defendants. Such charge should not be given, when any material fact is to be inferred, and is not a legal presumption from the evidence. The question is, could the jury have inferred an effectual severance, on any phase of the evidence as disclosed by the record? It will be observed that the suit is not between the parties to the conveyance; and, therefore, it is unnecessary for us to decide whether the lessor, holding the claim for rent at the time of making an assignment of the re-

[Ala. Gold Life Ins. Co. v. Oliver.]

version, absolute in terms, may by parol sever and reserve the rent. It has been held, the effect of our statute is, that rent in arrears, or falling due, is a debt from the tenant to the landlord, with a lien on the crop grown on the premises. *Thompson v. Spinks*, 12 Ala. 155. The transferability of the claim has been repeatedly recognized by our decisions; and the statute now, in terms, makes the claim for rent assignable, and invests the assignee with all the rights of the landlord. Code, 1876, § 3470; *Steed v. Hinson*, 76 Ala. 298.

A transfer of the rent-note, after the grant of the reversion, is subject to the rule, that the rent, as an incident, passes and enures to the owner of the reversion.— *Westmoreland v. Foster*, 60 Ala. 448. On this principle, it was held, that a purchaser, under a decree in chancery, of the lessor's lands, is entitled to the rent afterwards falling due, as against the assignee of the tenant's obligation to pay, whose interest was acquired pending suit. The pendency of the suit, involving the title to the land, was notice to the assignee of the infirmity of the lessor's title. An assignment of the lease by the tenant, in such case, would have been subordinate to the decree subsequently rendered; and a severance of the rent from the reversion, pending the suit, could not impair the rights of a purchaser under the decree.— *Tubb v. Fort*, 58 Ala. 277. The rights of the grantee accrue at the time of, and on the execution of the conveyance, and no right or claim to the rent remains in the lessor, which he can thereafter transfer.

A different rule applies, when the claim for rent is assigned while the lessor is the owner of the reversion. Being the holder and owner of the claim, and having the right to transfer it, his assignment passes to the assignee all his rights thereto, and effectually severs the rent from the reversion. If the lessor subsequently conveys the reversion, the rent, having been thus severed, does not pass as incident thereto. The legal effect of the deed can not operate to pass what the lessor does not own, however general and absolute may be its terms. In *Austin v. Sawyer*, 9 Cow. 39, the plaintiff and one Wilcox exchanged farms, on which crops of wheat were growing, each reserving by parol his own crop. Quit-claim deeds were executed containing no reservations whatever. Wilcox afterwards assigned without reservation his interest in the farm to the defendant, but stating to him that the wheat was reserved by the plaintiff. The defendant cut the wheat, and put it in his own barn. The court, after holding that parol evidence was inadmissible to vary the legal import of the deed, held the evidence sufficient to authorize a jury to presume a formal and valid contract for the sale of the wheat by Wilcox to the plaintiff; that Wilcox had no power to convey it to the defendant; and his

11

assignment, though absolute in terms, conveyed no more than he had a right to convey.

In the present case, we do not have to presume a transfer of the rent-note by the grantee to the grantor, from a parol reservation. The evidence tended to show that the rent-note had been negotiated and indorsed to the plaintiff, a third person, prior to the making of the conveyance to Oliver. Mrs. Smith could not, by a subsequent conveyance, divest the plaintiff of the title to the note thus acquired. She had no right in respect to the claim for rent, of which her conveyance could effect a transfer, and which it could operate to pass as incident to the reversion. On these principles, the rule that rent passes as incident to the reversion, its capability of severance from the reversion, and the statutory assignability of the claim for rent, are compatible. If the rent-note was negotiated and indorsed to the plaintiff previous to the sale and conveyance to Oliver, the plaintiff is entitled to recover. The right of the plaintiff to a recovery does not depend on the validity of a parol reservation, contemporaneous with the assignment of the reversion, or on the admissibility of parol evidence to establish such reservation, but on the prior and independent title obtained by the previous negotiation and indorsement of the note. As there was evidence tending to show such negotiation and indorsement, there is error in giving the affirmative charge in favor of the defendants.

Reversed and remanded.