# Young, *et al. v.* Garber.

*Assumpsit.*

(Decided Dec. 19th, 1906. 42 So. Rep. 867.)

*Money Had and Received; Obligation to Repay.*—A landlord assigned and transferred the rent note before its maturity. Af-

ter the transfer of the rent note, the land was sold under execution against the landlord. The purchased at the execution sale, without notice of the transfer of the note, collcted the rent; Held, the transferee of the note was entitled to recover the rents collected by the purchaser, in an action for mony had and received.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Action by J. B. Garber against H. T. Young and another for money had and received. From a judgment for plaintiff, defendants appeal. Affirmed.

The case was tried upon the following agreed statement of facts: On the 19th day of December, 1900, George Washington owned a certain piece of land, which on said day he rented to Margaret Williams, for the year 1901, for 750 pounds of middling lint cotton, or its equivalent in money at 9 cents per pound, at the option of the holder of the note. That before the maturity of said note the lands belonging to George Washington were sold under execution, and the defendant George Young became the purchaser thereof, and had a good and lawful conveyance therefor, under execution sale. That H. T. Young, for George Young, on the day after the maturity of the note, collected the rents, to-wit, $60, and has not accounted to the plaintiff for the same. That prior to the institution of the suit, that resulted in a judgment against Washington and the subsequent sale under it, the note made to Washington was transferred to plaintiff in the usual course of trade and for a valuable consideration. The defendants knew nothing of the transfer of the note to plaintiff at the time the rent was collected.

THOMAS E. KNIGHT, for appellant.—The present action cannot be maintained. The action for money had and received is based upon an implied assumpsit, and, like that for use and occupation of land, cannot be generally maintained against one holding lands adversely or in repudiation of the plaintiff's title, at the time of the defendant's occupation or the collection of rents by him.—*Lockhart v. Barton,* 78 Ala. 189; *Price v. Pick-*

*ett,* 21 Ala. 741; *Fielder v. Childs,* 73 Ala. 567; *Weaver v. Jones,* 24 Ala. 423. Although there may have been a previous attempt to transfer the rent claim, all the rent which has not matured passed to the purchasers at a judicial sale of land which is at the time held by a tenant under an undetermined lease.—*Kirkpatrick & Co. v. Boyd & Boyd,* 90 Ala. 449.

DeGRAFFINRIED & EVINS, for appellee.—The right of plaintiff to recover in this case is affirmatively settled by the case of *Alabama Gold Life Insurance Company v. Oliver,* 78 Ala. 158, which cannot be distinguished from the case at bar.

SIMPSON, J.—This was an action for money had received, brought by the appellee (plaintiff) against the appellants (defendants). The amount in controversy was originally due on a note given by one Margaret Williams to one Washington, who at that time was the owner of the land, which note was, for a valuable consideration, and before its maturity transferred to the plaintiff. After said transfer of said rent note, the land, for the rent of which the note was given, was sold under an execution against said Washington to the defendant, and said defendant, without notice of the transfer of said rent note, collected the amount of rent due by the tenant. The only question argued by counsel is as to the right of the plaintiff to recover said money in this form of action.

It is insisted on the part of the appellants that the plaintiff could not recover in this form of action, because the action of assumpsit, for money had and received, rests upon an implied promise; and the case of *Lockhard v. Barton,* 78 Ala. 189, and others are cited to the point that a party who has collected rents, under claim of right, while occupying the land in question adversely to the party entitled, cannot be made to account for it in an action for money had and received. The reason given for the decision in that and similar cases is that "the title to lands cannot be tried collaterally in a personal action." On the other hand, it is clearly decided by the decisions of this and other courts that,

while rent is an incident to the reversion, and if the land is conveyed before the rent falls due, without reservation, the party who owns at the time the rent falls due is entitled to the rent, yet the rent may be servered from the reversion by the owner of the land, and if he assigns the rent note before the land is sold either by his own conveyance, or under legal proceedings, the rent having thus been severed, the assignee of the note is the legal owner of the amount due thereon, and the purchaser of the land does not acquire any right to the rent.—*Ala. Gold Life Ins. Co. v. Oliver*, 78 Ala. 158, 161. After the rent has thus been assigned it has become simply a personal debt (though secured by a lien on the crops), and is not an incident to the reversion at all. The defendants in this case were not holding the land adversely to the plaintiff, for the plaintiff claimed no interest in the land at all, and there was and is no controversy about the title. It is simply a case where the defendant has collected a note which belonged to the plaintiff.

The action of assumpsit for money had and received is an "action in its spirit and purpose * * * likened to a bill in equity, and is an exceedingly liberal action, and will always lie where a defendant has in his hands money which, ex æquo et bono, he ought to refund to the plaintiff."—*Rushton v. Davis*, 127 Ala. 279, 288, 28 South. 476. The case of *Kirkpatrick v. Boyd*, 90 Ala. 449, 7 South. 913 is not in conflict with what has been said. In that case the rent was not assigned until after the execution had been issued and was in the hands of the sheriff, and the reason given for that decision is that the execution, in the hands of the officer, operated as a lien upon the entire interest in the land, and the defendant in execution could not, after the lien had attached, impair its value by assigning the rent. It results that the action of the court, in giving the general charge in favor of the plaintiff, was correct.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.