## BANK OF MOUNDVILLE v. WALSH.
### (2 Div. 910.)

Supreme Court of Alabama.   March 24, 1927.

Rehearing Denied April 21, 1927.

1. **Landlord and tenant** ⬅57(1)—Rent is incident of reversion and belongs to owner of land on due date, but may be reserved when land is sold.

Rent is an incident of the reversion, and, if land is conveyed before it is due, without reservation, owner on due date is entitled to rent, though it may be reserved by owner if he assigns rent note before sale either by his own conveyance or under legal proceeding.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Mortgages** ⊕⊐199(1)—**Mortgage conveying defeasible legal estate subject to lease entitles mortgagee, after law day, default, or forfeiture to rent after proper notice to tenant.**

Where mortgage giving mortgagee a defeasible legal estate is made subject to a lease, it operates as a transfer of the reversion to the mortgagee, who as transferee of that reversion is entitled, after law day, default, or forfeiture, to receive rent, income, and profits from the time when by proper entry on land, by legal notice or proceedings, intent to claim it is specifically manifest.

**3. Mortgages** ⊕⊐199(1)—**Where lease is made subject to mortgage, tenant is not liable to ,mortgagee out of possession for rent.**

Where lease is made subject to mortgage, a tenant is not liable to a mortgagee out of possession for rent accruing under lease, though .mortgage operates as grant of legal title; there being no privity of estate between mortgagee and tenant.

**4. Mortgages** ⊕⊐372(4)—**Purchaser at foreclosure sale held not entitled to recover rents thereafter accruing from purchaser before foreclosure of rent notes absent any averment of written demand on tenants before foreclosure (Code 1907, § 5747).**

In action by purchaser of land at mortgage foreclosure sale to recover rents which fell due after foreclosure from a purchaser of rent notes before foreclosure, to whom payment had been made, where complaint failed to aver any written demand on tenants or assignees before foreclosure, held general affirmative charge for plaintiff was improperly given, in,view of Code 1886, § 1880, same as Code 1907, § 5747.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Action by Carrie K. Walsh against the Bank of Moundville. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Count 5 of the complaint is as follows:

"(5) The plaintiff claims of the defendant the said sum of $322.50, for that heretofore on, to wit. the 28th day of April, 1924, one E. P. Walsh, as the administrator of Pat Kelly, deceased, sold under the power of sale contained in a certain mortgage executed on the 9th day of March, 1915, by H. C. White, Louis Shorter, Albert Bell, F. C. Owens, Zephia White, Rhoda Shorter, Margaret Bell, and Lula Owens, to said Pat Kelly, and which said mortgage was on the 10th day of March, 1915, duly recorded in the office of the probate judge of Hale county, Ala., in Mortgage Book 95, p. 32, and which said mortgage was due on January 1, 1918, the following described lands: ·The southeast quarter of section 23, and the west half of the southwest quarter of section 24, and the northeast quarter of southwest quarter of section 24, all in township 23, range 4 east, of Hale county, Ala., which were conveyed by said mortgage, and that at said sale said plaintiff became the purchaser of said lands and the same were duly conveyed to her. That at that time one Louis Tooson was rent-ing a part of said land, for which he had agreed to pay rent of $110, and that one Frank Owens also rented a part of said land, for which he had agreed to pay, as rent, $145, and that one Sid Amos also rented a part of said lands, for which he had agreed to pay as rent, the sum of $67.50, said lands being rented by said parties from Frank Owens, one of the mortgagors, to said Kelly. That prior to said foreclosure said parties had executed rent notes for the said amounts named, above, which said notes were due on, to wit, October 1, 1924, and which said notes were by said Frank Owens transferred to the Bank of Moundville; said notes having been executed in the spring of 1924, and transferred to said bank prior to said foreclosure. That after said foreclosure said bank collected from Louis Tooson the sum of ·$100, as rent on or about November 12, 1924, and collected, on or about September 30,' 1924, from said Frank Owens said $145 as rent, on to wit, October 9, 1924, collected from said Sid Amos said $67.50, which said several amounts it still retains and refuses to pay to the plaintiff; wherefore this suit."

Thos. E. Knight, of Greensboro, for appellant.

The purchaser of lands at mortgage foreclosure sale is not entitled to rents, unless and until notice in writing is given the tenant. Code 1907, § 5747; Comer v. Sheehan, 74 Ala. 452; Amer. L. M. Co. v. Turner, 95 Ala. 272, 11 So. 211; Ensley M. & R. Co. v. Lewis, 193 Ala. 226, 68 So. 1012; Hutchison v. Flowers, 175 Ala. 651, 57 So. 719. The affirmative charge should not be given where an inference may be drawn from the evidence adverse to the party requesting it. McCormack v. Lowe, 151 Ala. 313, 44 So. 47.

R. B. Evins, of Birmingham, and E. S. Jack, of Greensboro, for appellee.

If before the maturity of a note given for rent the reversion of the freehold has passed to another, the rent also passes to him as an incident of the reversion, notwithstanding the assignment of the note. Westmoreland v. Foster, 60 Ala. 448; Tubb v. Fort, 58 Ala. 277. Attornment by the tenant to the purchaser at mortgage sale was .not necessary to vest title to the rent thereafter becoming due. Code 1907, § 3365; Code 1923, § 6849; Doe ex dem. Mills v. Clayton, 73 Ala. 359. Rents accruing after law day and before foreclosure belong to the purchaser at foreclosure sale, and may be recovered from the assignee of the mortgagor. Coffey v. Hunt, 75 Ala. 236; Ala. Gold L. I. Co. v. Oliver, 78 Ala. 158; Young v. Garber, 149 Ala. 199, 42 So. 867; Kirkpatrick v. Boyd, 90 Ala. 449, 7 So. 913.

THOMAS, J. The rules for giving or refusing affirmative instruction requested need not be repeated. The same are stated and authorities collected in McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Jones v. Bell,

⊕⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

201 Ala. 336, 77 So. 998; McCormack Harvesting Mach. Co. v. Lowe, 151 Ala. 313, 44 So. 47.

The action was for rents by a purchaser of land at a mortgage foreclosure; the same falling due after the foreclosure and transferred or assigned before that event. The defendant is not a tenant, but a third person purchasing the rent notes, and the basis of the suit is for money received and which it is alleged ex æquo et bono belongs to the plaintiff. Christie v. Durden, 205 Ala. 571, 88 So. 667; Rushton v. Davis, 127 Ala. 279, 28 So. 476.

The mortgage to Kelly by Owens, Shorter, White, and Bell, matured and was unpaid on March 10, 1915. The mortgagee died (March 8, 1923), and his personal representative, Walsh, on March 27, thereafter, came into possession of that mortgage as the personal representative of Kelly, and it was foreclosed; that date being adverted to in the argument of counsel as April 28, 1924.

Plaintiff offered in evidence the foreclosure deed effective as of date of April 28, 1924, which was excluded by the court on defendant's objection. The evidence otherwise showed that the land described in the mortgage was sold under the power contained in the mortgage; that plaintiff (appellee) was the purchaser prior to the date the said deed was executed; that after said foreclosure, in May of said year, the several tenants were given notice of the foreclosure, and would be expected to pay rent to the purchaser; and that like notice was given to the defendant as the assignee of said rent notes. The evidence was to the effect that in the fall of the same year defendant bank collected on rent notes, maturing in October, 1924, $67.50 from Amos and $145 of Owens on said lands as rent for the year 1924, and the tenant Tooson testified he rented a part of the land from Owens for $110, and paid that sum to the Bank of Moundville. The officials of the bank claimed to have purchased the notes from the mortgagors before the date of foreclosure.

[1] In Wootten v. Vaughn, 202 Ala. 684, 81 So. 660, the observation is made:

"Rent is an incident of the reversion, and if land is conveyed before the rent falls due without a reservation, the party who owns it at the time is entitled to it, but rent may be reserved from the reversion by the owner if he assigns the rent note before sale of the land, either by his own conveyances or under legal proceeding, whereby the rent is severed, and the purchaser does not acquire it."

The decision in Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472, was the result of a bill for foreclosure and accounting, and the general observation is made that, after default of the mortgage, the mortgagor becomes a tenant at the will of the mortgagee, who, by active assertion of his right, may have possession and rents and profits from the land.

[2] The general rules obtaining in this jurisdiction as to leases on mortgaged lands are according to its facts (1) where the mortgage is subject to the lease; and (2) where the lease is subject to the mortgage. In the first instance (where the mortgage is subject to the lease) in this jurisdiction, where the mortgage gives the mortgagee a defeasible legal estate, it operates as a transfer of the reversion to the mortgagee (as the transferee of that reversion), who is entitled after law day, default, or forfeiture, to receive rent, income, and profits from the time when by proper entry on the land, by notice (as required by law), or proceedings to the tenant, the intention to claim it is specifically manifested. Jackson v. Farley, 212 Ala. 594, 103 So. 882; Gillespie v. Bartlett, 211 Ala. 560, 100 So. 858; Mansony v. Bank of United States, 4 Ala. 735; Coker v. Pearsall, 6 Ala. 542; Johnston v. Riddle, 70 Ala. 219; Coffey v. Hunt, 75 Ala. 236; English v. Key, 39 Ala. 113; Otis v. McMillan, 70 Ala. 46. See McMillan v. Otis, 74 Ala. 560, rule not applied for by terms of the mortgage, the mortgagee not entitled to possession; Smith v. Taylor, 9 Ala. 633; Branch Bank v. Fry, 23 Ala. 770; Marx v. Marx, 51 Ala. 222; American Freehold Land Mortg. Co. v. Turner, 95 Ala. 272, 11 So. 211 (may be suit for use and occupation) the rule not applicable where the mortgage implies the right of possession in the mortgagor until default.

[3] In the case where the lease is subject to the mortgage, the stated rule in this jurisdiction is that "a tenant is not liable, to a mortgagee out of possession, for rent accruing under a lease made subject to the mortgage by a mortgagor in possession, though the mortgage operates as a grant of legal title"; there being no privity of estate between the mortgagee and the tenant. The leading cases are Comer v. Sheehan, 74 Ala. 452, 457, and Drakford v. Turk, 75 Ala. 339. In the former, the opinion was by Mr. Justice Somerville and the facts may be concisely stated as an action to recover moneys alleged as due plaintiff for rent of real property, based on the fact that (a) he was the mortgagee in the mortgage conveying the premises and (b) that he was the purchaser, under power contained in the mortgage, at his own foreclosure sale. It is recited facts of the opinion that, after execution of the mortgage, the mortgagor leased the premises to defendants, payment made by arrangement of parties for the payment of rent on indebtedness of mortgagor; that, subsequent to foreclosure sale and his purchase of the premises, the plaintiff gave notice to the defendants of the fact of purchase and demand for the rents or sums equal thereto. It is further recited and held that, as no demand had been made by the plaintiff in the capacity of mortgagee there could be no recovery, saying:

"The plaintiff bases his right of recovery, as we have said, both upon the fact of being mortgagee and purchaser, at his own sale, of the equity of redemption. The defense of the tenant is based on the theory, that the plaintiff is not entitled to the rents as mortgagee, because he has never demanded them; nor as purchaser, because there is no privity of contract between them as landlord and tenant, and, if liable at all, that he is liable only for mesne profits, or use and occupation from the time of notice given, which was on the 27th day of November, 1883. The rights of the mortgagor in the mortgaged premises are well settled. He is regarded as owner of the property, as against all persons except the mortgagee and those claiming under him. Allen v. Kellam, 69 Ala. 442. He has the power of conveying or leasing the premises, subject to the incumbrance, and is entitled to the rents and profits, until they are intercepted by some active assertion of claim to them by the mortgagee, made after law day of the mortgage, either by giving notice to the tenants in possession, or by filing his bill in a court of equity for the purpose of foreclosure. Johnston v. Riddle, 70 Ala. 219; Scott v. Ware, 64 Ala. 174; 1 Jones Mortg. § 670; Taylor's Land. & Ten. §§ 118, 119. There is no evidence of any demand being made by the plaintiff for the rents, and it cannot be contended that there can be any recovery from the tenant by the plaintiff, in the capacity of mortgagee, without such demand."

And, under that phase of the evidence that he could recover rents as purchaser at his own foreclosure sale, it is held:

"When a mortgagee becomes the purchaser at his own sale under a power in the mortgage, the sale is valid as between the parties, notwithstanding the statute of frauds, unless set aside within two years; and, if the land is in the possession of a tenant, under a lease executed by the mortgagor subsequent to the mortgage, statutory notice to him by the mortgagee, as such purchaser, 'vests in him the right to the possession in the same manner as if such tenant had attorned to him' (Code [of 1876] § 2878); but, while he may, possibly, thereby acquire a right to maintain an action for future use and occupation, he cannot recover rents past due and unpaid, which the mortgagor had already transferred to another."

The statute adverted to is the same (in respects here material) as § 5747, Code of 1907. And in Drakford v. Turk, 75 Ala. 339, 340, attachment for rents by the mortgagee, on crops grown on lands which were leased after the mortgage was made, the opinion was by Mr. Chief Justice Brickell (Stone and Somerville concurring) saying:

"The question, therefore, now raised is whether a mortgagee, giving notice to the tenant of the mortgagor, that he claims the rent falling due in the future, by virtue of the notice, becomes the landlord of the tenant, entitled to the statutory lien on the crops grown on the rented premises for the payment of the rent, and can by process of attachment enforce the lien. The question must be answered negatively. There is no relation of privity or contract between the mortgagee and the tenant; and if there is a relation arising between them which can be denominated that of landlord and tenant, it arises only by implication of law. The statute contemplates only the conventional relation of landlord and tenant, subsisting because of the contract between the parties. It has not been construed as extending to the relation when arising by implication or operation of law, working an entire change of the party standing according to the contract in the relation of landlord. Tucker v. Adams, 52 Ala. 254. But in this case the mortgage was executed before the renting of the premises, and before the entry of the tenant. A mere notice by the mortgagees that they claimed the rent would not convert the tenant into the tenant of the mortgagees.—Comer v. Sheehan, 74 Ala. 452."

The foregoing should illustrate the facts before us. They should not be confused with controversies where no rights of parties to a mortgage are directly involved, as in Greenwood v. Bennett, 208 Ala. 680, 95 So. 159, and Davis v. Reed, 211 Ala. 207, 100 So. 226.

In Young v. Garber, 149 Ala. 196, 199, 42 So. 867, the landlord had assigned the rent note before maturity; thereafter the land was sold under execution against the landlord. There being a severance of the rent, the purchaser in execution sale, without notice of transfer of the rent note, collected the rent; held, the transferee of the note was entitled to recover, in an action of assumpsit for money of the purchaser, the rents so collected. This was upon the authority of the case of Ala. Gold Life Ins. Co. v. Oliver, 78 Ala. 158, where the note for rent was assigned before voluntary sale and conveyance, it operated a severance from the reversion, and assignee was held entitled to recover. Deposit Bank of Frankfort v. Caffee, 135 Ala. 208, 33 So. 152; Tubb v. Fort, 58 Ala. 277.

In American Freehold Land Mortg. Co. v. Turner, 95 Ala. 272, 277, 278, 11 So. 211, 212, it is declared that, when lands subject to a lease are mortgaged, the mortgagee succeeds to the rights of mortgagor as lessor, and the lessee becomes his tenant without attornment; but, when the lease is made by the mortgagor after execution of the mortgage, it is subordinated to the mortgage, and the mortgagee may recover possession and the rents after the law day; yet, if the lessee refuses to attorn to him after foreclosure, the mortgagee cannot enforce his lien on the crops by attachment, since he is neither landlord nor his assignee. It is said:

"After the law day of the mortgage, the tenants of the mortgagor who have become such after the execution of the mortgage are not the tenants of the mortgagee. The mortgagee's relations to the tenants of the mortgagor, under such circumstances, are entirely different from those which exist between a lessee and his tenants and a mortgagee of the leased premises where the mortgage was made after the contract of lease and tenancy, and before the lease had expired. In the former case, the lease is subordinate to the mortgage; in the latter, the mortgage is subordinate to the lease. The mort-

gagor may claim the rents after the law day, and after notice may recover the rent which accrues thereafter; but the right to recover rents in such cases does not grow out of the relation of landlord and tenant. It is the right to recover for the use and occupation of his premises, the value of which is fixed by the rental agreement, where he gives notice that he will claim the rents. The tenants, by attorning to the purchaser or mortgagee, may create, as between them, the relationship of landlord and tenant; but, if the tenants refuse to do so, and deny his right to the possession or the rents, there is no contract of tenancy, express or implied. The lien given by statute is an incident to tenancy created by contract, express or implied. Under the statute, it may be enforced by attachment at the suit of the landlord, or his assignee; but the right of attachment to enforce the landlord's lien is not given by the statute to one who has no relation of privity, or contract with the tenant."

And, referring to section 1880 of the Code of 1886, the same as section 5747 of the Code of 1907, the court said:

"Section 1880 declares that, if the land is in possession of the debtor, on demand he must deliver it to the purchaser. 'If in the possession of a tenant, notice to the tenant vests the right to the possession in him, in the same manner as if the tenant had attorned to him.' The latter clause was not intended to create the relation of landlord and tenant between the purchaser and the tenant of the mortgagor. To so hold would lead to the conclusion, that a mortgagor, by a letting subsequent to the mortgage, could invest his tenant with a greater interest than he himself possessed. Followed out, it would enable the mortgagor, by a long lease for an inconsiderable consideration, to defeat entirely the security of the mortgage. We have uniformly held, as the authorities cited above show, and to which many others might be added, that a mortgagor is a mere tenant at sufferance of the mortgagee, who may treat him and his tenants as trespassers, and evict them at pleasure. This could not be the case, if the law legally imposed the relation of landlord and tenant. So contracts relative to the mortgaged property, subsequent to the mortgage, by every principle of law are subordinate to it, and the mortgagee's right of entry."

In Ensley Mortgage & Realty Co. v. Lewis, 193 Ala. 226, 228, 229, 68 So. 1012, section 5747 of the Code of 1907 said of the legal effect of the required notice that it was to constitute the tenant in possession the tenant of the purchaser, and abrogated the fealty of tenant to landlord—former owner—and to transfer his possession to the purchaser and thereby substitute the latter as his future landlord. Richardson v. Dunn, 79 Ala. 167. And prior to 1907 the demand need not be in writing. Hutchinson v. Flowers, 175 Ala. 651, 57 So. 719.

[4] Count 5 does not aver any written demand was given the tenants or assignees, holding as such before foreclosure. The suit

was not that for use and occupation, but in the nature for rent collected by assignee of rent notes made before foreclosure.

The court was in error in giving affirmative charge for plaintiff to recover the respective amounts as rents or paid to assignee as rents.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.