164 So. 394

WALSH v. BANK OF MOUNDVILLE.

2 Div. 61.

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 7, 1935.

Ernest V. Otts, of Greensboro, and Reuben H. Wright, of Tuscaloosa, for petitioner.

Jones & Dominick, of Tuscaloosa, for respondent.

THOMAS, Justice.

Assuming that the law that affects this case was declared in Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52, and to a contrary effect to the announcement contained in Bank of Moundville v. Walsh, 216 Ala. 116, 112 So. 438, the evidence adduced on the last trial was sufficient to present a jury question.

The bank and its governing officials were in possession of the facts, as disclosed by the face of the notes, the mortgage record in question, and the evidence given by Griffin and Walsh, and there were adverse tendencies that were for the decision of the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

That is to say, as now stated by Mr. Chief Justice ANDERSON: "The opinion of the Court of Appeals recites, that the testimony taken on the last trial was exactly the same as that upon the two former trials, 'with the exception of the addition, on this last trial, of the testimony of Lee M. Griffin (which the reporter will set out in the report of the case), and the testimony of E. P. Walsh, which we will mention later.'

"Therefore, as we understand, under the opinion of the Court in Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52, the plaintiff was entitled to a judgment unless this new evidence of Griffin and Walsh referred to in the opinion of the Court of Appeals and ordered set out by the reporter, was sufficient to change the result.

"Conceding that what Owens told Griffin, the cashier—that Walsh said the mortgage would be extended—was admissible as a declaration of a party to the cause, yet Walsh took the witness stand and denied that he told Owens the mortgage would be extended, &c. Therefore, the trial court erred in giving the general charge for the defendant."

It is not the purpose of this court to be understood as holding that the evidence of what Owens said to Griffin is not subject to the objection that it is hearsay.

The judgment of the circuit court was in error in taking the case from the jury.

Writ granted; reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, BROWN, and FOSTER, JJ., concur.

KNIGHT, J., not sitting.

BROWN, Justice (specially concurring).

Applying the law of this case as declared in Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52, the plaintiff, not the defendant, on the undisputed facts, was entitled to the affirmative charge. The testi-

mony of the witness Griffin was purely hearsay. Moreover, Walsh positively denied that he made any such statement to Owens. In the face of this denial, the hearsay testimony did not create a conflict in the evidence.

Conceding that such statement, as is attributed to Walsh by the hearsay testimony of Griffin, would be admissible as a declaration against interest, it would have to be proved by one who heard the statement, and not by hearsay.

Walsh at the time of the alleged statement was the administrator of Kelly, the deceased mortgagee, and is not now, and never has been, a party to this suit. Griffin, dealing for the defendant bank in respect to the rights of the mortgagee's estate, was charged with the limitations of the authority of Walsh as administrator and statutory trustee. First Nat. Bank of Birmingham v. De Jernett, 229 Ala. 564, 159 So. 73.

GARDNER, J., concurs in the foregoing.