# Kirkpatrick & Co. *v.* Boyd & Boyd.

*Interpleader at Law, between Claimants of Rent.*

1. *Confession of judgment under power of attorney; sufficiency of exception.*—When a judgment recites that the parties came by their attorneys, and the plaintiffs produced and proved the execution of a power of attorney by the defendant authorizing the person therein named to confess judgment in their favor, setting it out, and that said attorney appeared, but does not further state that he confessed the judgment which was thereupon rendered, the defect, *it seems,* is not available on collateral attack; but where the cause, in which the judgment is relied on as showing plaintiffs' right to the money in dispute, is submitted to the decision of the court without a jury, and one of the facts specially found is that "plaintiffs recovered a judgment," &c., an exception to the judgment rendered by the court does not present any objection to the regularity or sufficiency of the judgment by confession.

2. *Rent, as between purchaser at execution sale, and assignee of note.* When lands are leased by the owner while an execution against him is in the hands of the sheriff, a non-commercial note under seal being taken for the rent, payable to himself, and transferred for value before maturity, the purchaser at the execution sale is entitled to the rent, as against such assignee.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. HENRY C. SPEAKE.
29

[Kirkpatrick & Co. v. Boyd & Boyd.]

This action was brought by Boyd & Boyd, suing as surviving partners, against Bailey & Watkins as partners, E. L. Bowers and W. C. Bowers; and was commenced on the 18th December, 1888. The complaint contained (1) a count claiming $1,000, as the rent of a tract of land particularly described, alleged to be due on 15th December, 1888; (2) a count claiming the same sum for the use and occupation of the land from December 26th, 1887, to December 15th, 1888; (3) a count on an account for $1,000, due December 15th, 1888; (4) a count on an account stated, and (5) a count for money had and received. An answer was filed by Bailey & Watkins, admitting their possession of the $1,000 accrued from the rent of the land, and stating that they had been notified that the money was claimed also by Kirkpatrick & Co.; and they paid the money into court, and asked that the claimants be required to interplead. Kirkpatrick & Co. thereupon appeared, and, by consent, were substituted as defendants in the place of Bailey & Watkins; and they filed an answer, by way of plea, denying the averments of the complaint, and stating the facts on which they based their claim to the money. Thereupon, by consent, the cause was submitted to the decision of the court without a jury, with a request in writing for a special finding of the facts. On the facts specially found, which are set out in the judgment and also in the bill of exceptions, the court rendered judgment for the plaintiffs; and this judgment, to which the defendants excepted, is here assigned as error.

It was specially found by the court, and the fact was not disputed, that the money in controversy was the rent during the year 1888 of a tract of land which had belonged to John T. Tanner; and the plaintiffs claimed the money as purchasers of the land at execution sale against said Tanner. The execution was issued on a judgment which they had recovered against said Tanner, and which, as set out in the finding and judgment of the court, was in these words: "Came the parties, by their attorneys, and the plaintiffs produced and proved the execution of a power of attorney to confess judgment, in words and figures as follows," &c.; "and came also William Richardson, named as agent and attorney in said power of attorney; and it appearing to the court that the said power of attorney is in full force and effect, it is considered by the court, that the plaintiffs have and recover of the defendant," &c. It was specially found also, and the fact was not disputed, that on the 26th December, 1887, while an execution issued on plaintiffs' judgment was in the hands of the U. S. marshal, Tanner leased the lands, for the year 1888, to said Bowers and Johnson, tak-

[Kirkpatrick & Co. v. Boyd & Boyd.]

ing their bond, or promissory note under seal, payable to him-self "on or before December 15th next;" and Kirkpatrick & Co. claimed the money as assignees of this note for valuable consideration, without notice of the plaintiffs' right or claim. The dates of these several transactions, as affecting the rights of the parties, are stated in the opinion.

WARD & BETTS, for appellants.—(1.) There was a fatal vari-ance between the pleadings and the proof. Plaintiffs declared on a contract made with themselves, and are allowed to recover on proof of a contract made with another person and assigned to them.— Wise v. Falkner, 51 Ala. 359. (2.) The judgment against Tanner was not confessed by Richardson, under the power of attorney : on the contrary, the fair construction of the record is that he refused to confess judgment, and only appeared to resist it. (3.) The rights of a purchaser at exe-cution sale are derived from the sheriff's deed; and they em-brace only the land itself, rents not due and not assigned; crops ungathered, and timber unsevered.—Smith v. Houston, 11 Ala. 111. The note for the rent was payable "on or before December 15th;" and even without this stipulation, payment might have been made and accepted before maturity.—Taylor's Land. & Tenant, § 330. Having the right to receive and ap-propriate the rent, Tanner might lawfully assign it. (4.) If plaintiffs' execution had all the force and effect of a mortgage after maturity and forfeiture, they would not be entitled to these rents.—Comer v. Sheehan, 74 Ala. 252, 277. (5.) Notice to the tenant does not create the relation of landlord and ten-ant, but only vests the right of possession in the purchaser. Code, § 1880. Here, the notice was premature, being given "within ten days after the sale."

HUMES, WALKER & SHEFFEY, contra, cited Tubb v. Fort, 58 Ala. 277; Penn. Bank v. Wise, 3 Watts, 394; Van Wick-len v. Paulson, 14 Barb. 656; 5 Watts & S. 432; Freeman on Executions, § 195; Chaudron v. Magee, 8 Ala. 570; Center v. P. & M. Bank, 22 Ala. 743; Bolling v. Coster, 9 Ala. 921; Code, § 3650.

STONE, C. J.—It is objected for appellants, that the alleged judgment under which Boyd & Boyd acquired their title to the land, was in fact no judgment, because the attorney ap-pointed for the purpose is not shown to have confessed any judgment, and the record fails to show that Tanner, the defend-ant in that suit, was otherwise brought into court. Coming before us collaterally, as this question is attempted to be pre-

sented, we are not prepared to say there is anything in the objection, even if we concede it is raised by the record. But the record fails to raise the question. In the trial below, a jury was waived, and the testimony was submitted to the court for trial and decision by him. He made a special finding of the facts, and that finding must be treated as we would treat a special verdict. One of the special facts found by the trial court was, that "the above named plaintiffs [Boyd & Boyd] recovered judgment against John T. Tanner, in the Circuit Court of the United States, . . . on the 2d day of November, 1887, for the sum of," &c. The exception reserved is in the following language: "To which judgment of the court the defendant excepted." The question of the confession of judgment *vel non* is not shown to have been mooted in the court below, and the exception does not bring it before us.

Boyd & Boyd recovered a judgment against Tanner, November 2, 1887. Execution was issued on said judgment November 7, 1887, and came to the hands of the United States marshal on the same day. This execution was levied on the plantation known as the "Ragland place," as Tanner's property, January 2, 1888, but from some misdescription the process was returned without a sale. An *alias* execution was issued April 21, 1888, was levied on the land May 20, 1888, and pursuant to advertisement duly made, the marshal sold the lands, June 4, 1888. Boyd & Boyd became the purchasers, and received the marshal's deed the next day. Within ten days after that time, and while the crops on said land were still growing and immature, Boyd & Boyd gave written notice to Tanner, and the tenants cultivating said land, that they claimed and demanded the rents accruing for that year, and the possession of said lands. The foregoing are the facts on which Boyd & Boyd base their claim to the rent money.

Tanner, defendant in the judgment, let the lands to rent for the year 1888, by agreement entered into December 26, 1887, and to secure the agreed rent took from the lessees, or tenants, their non-commercial, sealed note, or bond, for the sum of one thousand dollars, payable to himself, and due December 15, 1888. This paper he traded for value to C. E. Hatcher & Co., by blank indorsement without date, and C. E. Hatcher & Co., subsequently, on February 4, 1888, traded and indorsed it to Kirkpatrick & Co., as collateral security for a debt due them from C. E. Hatcher & Co. Neither C. E. Hatcher & Co., nor Kirkpatrick & Co., had notice of Boyd & Boyd's claim, or lien, at the time they severally acquired the rent note or bond. These are the facts which go to make up the alleged right of Kirkpatrick & Co. to the proceeds of the

[Kirkpatrick & Co. v. Boyd & Boyd.]

-rent note. The tenants having paid the rent money into court, and having been discharged by consent of the parties, the question is, whether Boyd & Boyd, on the one hand, or Kirkpatrick & Co., on the other, are entitled to the money, less the sum of fifty dollars, which, by mutual agreement, was applied otherwise. The Circuit Court adjudged that Boyd & Boyd were entitled to the money.

There are authorities which hold that, when real estate is sold at public judicial sale, which is at the time held by a tenant under an undetermined lease, and there is no exception or reservation as to the rent, then all rent which has not been paid, or has not matured and fallen due at the time of the sale and conveyance, passes with the freehold, and becomes the property of the purchaser, even though there may have been a previous attempt to assign such non-matured rent contract to a third person. One reason which may be given for the ruling is, that unpaid and immatured rent, promised for use and occupation of land for a term not yet fully expired, is practically the usufruct, or product of the realty, and is part and parcel of it; and that hence a conveyance of the land is a conveyance of its future product.—*Bank of Pensylvania v. Wise*, 3 Watts, 394; *Van Wicklen v. Paulson*, 14 Barb. 554; *Stout v. Kean*, 3 Har. 82; *Martin v. Martin*, 7 Md. 368; *Townsend v. Isenberger*, 45 Ia. 670; 2 Taylor Landl. & Ten. (8th Ed.) § 447, and note. Several of the cases we have cited are based substantially on the reason we have given.

We need not, in this case, go to the full extent of the principle stated, and we leave that question undecided until it comes properly before us.

Before Tanner granted the lease in this case, the execution of plaintiffs was in the hands of the marshal, and operated a lien on all the leviable interest which Tanner then held in the land. Its use, enjoyment and occupation were among the valuable attributes it possessed. It is these attributes which mark and distinguish the superior value of a title with present right of possession, as contrasted with an estate in remainder or reversion, the term of the particular estate not having expired. No one will question the greater market value of an estate with the right of present enjoyment, than of a mere remainder or reversion in the same land, with no right of present enjoyment, or present usufruct. Now, on all these elements of value and of vendible property, Boyd & Boyd had a lien for the enforcement of their execution, which Tanner was without the power to impair, by any individual act he might attempt to perform. No one will deny that he was without power to defeat the lien by a sale of the land. A lease is a

[Bogan v. Hamilton.]

qualified sale; a sale of a term, instead of a sale of the fee. A lessee acquires an estate by his lease, which may be levied on and sold under execution; an estate less than a freehold, but still an estate. It may run for any number of years, not exceeding twenty. Can it be supposed, that, after the lien attached, Tanner could have let the land for a long term, say twenty years, disposed of the rent contract to a third party, and thus have reduced the available value of the plaintiff's lien by one half or more? And if not for twenty years, for what shorter term could he have made a valid lease, and a valid disposition of the rent contract?—*Kane v. Mink*, 64 Ia. 84. The Circuit Court did not err in its judgment.

There is nothing in our former rulings which is opposed to what we have above declared.—*Tubb v. Fort*, 58 Ala. 277; *Coffey v. Hunt*, 75 Ala. 236; *Steed v. Hinson*, 76 Ala. 298; *Ala. Gold Life Ins. Co. v. Oliver*, 78 Ala. 158 *Oliver v. Ala. Gold Life Ins. Co.*, 82 Ala. 417.

Affirmed.