# American Freehold Land Mortgage Co. of London *v.* Turner.

# American Mortgage Co. of Scotland *v.* Simmons.

# Land Mortgage Investment and Agency Co. of America *v.* Turner.

*Bills in Equity by Mortgagees, as Purchasers at Sale under Power, for Receiver of Rents and Crops.*

1. *Sale under power in mortgage; purchase by mortgagee.*—A sale of lands under a power in a mortgage, in substantial compliance with its terms, cuts off the equity of redemption as effectually as a decree of foreclosure, leaving nothing in the mortgagor but the statutory right of redemption, and the right to disaffirm the sale if the mortgagee himself became the purchaser at the sale without express authority given by the mortgage; but, if the mortgagor elects to disaffirm the sale on that account, his election must be accompanied with an offer to redeem by paying the amount due.

2. *Rents accruing after sale under power in mortgage; when purchaser is entitled to receiver.*—The purchaser at a sale under a power in a mortgage is entitled to the rents subsequently accruing, even though he be the mortgagee, and was not authorized to purchase; and if the mortgagor and his tenants refuse to attorn to him, are insolvent, and are disposing of the crops, he is entitled to a receiver.

3. *Rents of mortgaged lands after foreclosure; attachment against crops.* When lands subject to a lease are conveyed by mortgage, the mortgagee succeeds to all the rights of the mortgagor as lessor, and the lessee becomes his tenant without attornment (Code, § 1823); but, when the lease is made by the mortgagor after the execution of the mortgage, it is subordinate to the mortgage, and the mortgagee may recover the possession and the rents after the law-day; yet, if the lessee refuses to attorn to him after foreclosure under the power, denying his right to the rents, the mortgagee can not enforce his lien on the crops by attachment (Code, §§ 3056–59–61), being neither the landlord nor his assignee.

[Mortgage Cos. v. Turner; Same v. Simmons.]

APPEALS from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The opinion of the court in these three cases states all the facts material to an understanding of the points decided. The complainant in each case was a foreign corporation, and alleged compliance with the constitutional and statutory provisions authorizing such corporations to do business in Alabama. Each of the bills prayed an injunction to restrain the several defendants from cutting timber, or otherwise committing waste on the lands involved in the suit; and a temporary injunction was granted by Hon. WM. H. SIMPSON, of the City Court of Decatur. Each of the bills also prayed the appointment of a receiver of the rents and crops, alleging that the defendants were each insolvent, and that they were disposing of the crops. Daniel H. Turner, the principal defendant in each case, filed an answer to the allegation of his insolvency, in these words: "Respondent owns property of value more than sufficient to pay his debts, if he could realize its value, but he has not the money to pay his debts now due." "Respondent has not the cash money now to pay his debts, but whether he will be able to pay them or not depends on what can be realized by the sale of his interest in real estate owned by him, and in the collection of debts and claims due him. Respondent's property, at a fair valuation, and the debts due to him, are more than sufficient to pay the debts which he now owes." The several causes being submitted to the Chancellor on motion for the appointment of a receiver, and numerous affidavits being filed as to the value of the land involved, he overruled and refused the motion; and this decretal order is here assigned as error in each case.

HUMES & SHEFFEY, and D. I. WHITE, for appellants.—The foreclosure of a mortgage, by sale under a power given in it, cuts off the equity of redemption as effectually as a decree of foreclosure, leaving in the mortgagor nothing but a statutory right of redemption.—*Comer v. Shehan*, 74 Ala. 458. This principle applies when the mortgagee becomes the purchaser at the sale, though not authorized by the terms of the conveyance; and while the mortgagor may disaffirm the sale in such case, he can only do so by offering to do equity—that is, by offering to pay the amount due, costs, &c. *Amer. F. L. Mortgage Co. v. Sewell*, 92 Ala. 168. As purchaser at the sale under the power, the sale not having been disaffirmed, the complainant is entitled to the rents afterwards accruing, and may recover them by action at law.

[Mortgage Cos. v. Turner; Same v. Simmons.]

*Kirkpatrick v. Boyd,* 90 Ala. 449; *Coffey v. Hunt,* 75 Ala. 236; *Tubb v. Fort,* 58 Ala. 279; *English v. Key,* 39 Ala. 113; *Westmoreland v. Foster,* 60 Ala. 448. Being entitled to the rents, the statutory lien on the crops attaches, and it is immaterial whether the statutory remedy by attachment extends to the case—in either case, the complainant is entitled to a receiver of the rents and crops, under the facts of the case.—*Ashurst v. Lehman, Durr & Co.,* 86 Ala. 370; *Westmoreland v. Foster,* 60 Ala. 449; Beach on Receivers, § 494; *Tubb v. Fort,* 58 Ala. 261.

D. D. SHELBY, *contra.*—No danger of damage or injury to the real estate is shown, and no case can be found, English or American, where a receiver was appointed in aid of an ejectment at law, unless injury to the property was shown— that is, injury to the improvements, fixtures, ores, &c. *Pfeltz v. Pfeltz,* 14 Md. 376; *Talbot v. Scott,* 4 Kay & J. 96; *Jordan v. Beall,* 51 Geo. 602; High on Receivers, 483, note; *Ib.* §§ 554–5; Beach on Receivers, §§ 494, 521, 528. When a mortgagee becomes the purchaser at his own sale, not being authorized by the terms of the deed, his only remedy is a bill to require the mortgagor to elect whether he will affirm or disaffirm the sale; and in such a suit a receiver will not be appointed.—*McLean v. Presley,* 56 Ala. 211; *McCall v. Mash,* 89 Ala. 487; *Tyler v. Herring,* 19 Amer. St. Rep. 289, note; *Cunningham v. Rogers,* 14 Ala. 149. The mortgagee, as such, has no right to the rents and profits, and he has no better right as a purchaser at his own sale. *Downs v. Hopkins,* 65 Ala. 508; Beach on Receivers, § 554; 2 Jones on Mortgages, §§ 1144, 1886; *McHan v. Ordway,* 76 Ala. 347; *In re Tall. Man. Co.,* 64 Ala. 568.

COLEMAN, J.—These several causes were submitted and argued by counsel as one case, and have been so considered and determined.

The object of the bill was to have a receiver appointed with authority to collect and hold the rents or mesne profits accruing from certain lands until the final determination of a suit in ejectment, which was then pending, and instituted by the plaintiff against the landlord and tenants for the recovery of the land. The averments of the bill show that, in April, 1886, Daniel H. Turner executed his mortgage with power of sale upon the lands to complainant, and that by virtue of this power, after the law-day had expired, the mortgage was foreclosed on the 6th day of July, 1891, at which sale the mortgagee became the purchaser. There was no

provision in the mortgage which authorized the mortgagee to purchase at his own sale. After sale and purchase, possession was demanded of the mortgagor, and also of the tenants, and demand was also made of the tenants that they attorn to the purchaser as their landlord. These demands were refused. Suit in ejectment was then instituted to recover the land. The averments of the bill show that the relation of landlord and tenant between the mortgagor and the other defendants began after the execution of the mortgage, and existed at the time of the foreclosure. It is further averred that the mortgagor and the other defendants are insolvent, and are making away with the crops, and that unless a receiver is appointed, complainants will lose the rents to which they are entitled as owners of the land by virtue of their purchase at the foreclosure sale.

The answer of the defendant Turner to the allegation that he is insolvent is evasive, and wholly insufficient as a denial. The bill was confessed by the tenant defendants.

There are many affidavits in this record, as to the value of the land; those on the part of the complainants placing the value of the land below the amount of the debt secured by the mortgage, and those by the mortgagor fixing the valuation in excess of the debt. We are unable to perceive the relevancy of these affidavits. The bill is not filed to foreclose the mortgage, and for the appointment of a receiver to secure the rents during the foreclosure suit. The foreclosure was effected by the sale under the power given in the mortgage. It is not pretended that the sale was void. The value of the land is not a question in the case. A foreclosure under a power of sale cuts off the equity of redemption as effectually as a decree of the court. When the mortgagee becomes a purchaser at his own sale, the mortgagor may avoid the sale and redeem in a court of equity; but to do this, he must do equity. It is only upon the offer to do equity that a chancery court will set aside the foreclosure sale. A mere averment in the answer that the sale is voidable as to the respondent, and that he elects to avoid it, without more, is wholly insufficient. It requires either an original or a cross-bill, offering to pay the debt secured by the mortgage, to entitle the mortgagor to have the sale set aside. The authorities are collated in *American Freehold Land Mortgage Co. v. Sewell*, 92 Ala. 168. So long as the foreclosure sale stands, and no affirmative legal steps are taken to avoid it, the purchaser, although he is the mortgagee, must be regarded as the owner of the land. Not being competent to make a conveyance to himself, his title as

purchaser may be only equitable, and, standing alone, might be insufficient to support ejectment; but, by virtue of his title as mortgagee, both the legal and equitable title becomes united in him, and constitutes a perfect title, subject only to the right of the mortgagor, seasonably expressed in a court of equity, to be let in to redeem.—92 Ala., *supra*.

If plaintiff is entitled to recover rents or mesne profits in his ejectment suit, and is in danger of losing them by reason of the insolvency and misconduct of the mortgagor and the tenants, and the law furnishes no adequate protection and remedy to the plaintiff to prevent the loss in the meantime, it was the duty of the Chancery Court to appoint a receiver, with authority to collect and hold the rents until the final determination of the suit at law. Does the statute give the mortgagee, or a purchaser at a mortgage sale, a right to the writ of attachment against the crops grown on the premises, to secure the payment of the rents and mesne profits which are recoverable in a suit in ejectment?

It is well settled now that fealty and rent are incident to the reversion, and pass with it. When lands subject to a lease are conveyed, the grantee succeeds to all the rights of the grantor, and the lessee becomes the tenant of the grantee without attornment. This rule resulted from the passage of a statute in the reign of Queen Anne, which abolished the rule that attornment by the tenant was necessary to the validity of a conveyance of the reversion. Prior to that time, on account of the duties and obligations of a tenant to his landlord other than the payment of rent, it was not permissible to impose upon a tenant a landlord without his consent. Section 1823 of the present Code is declaratory of the same principles.—*English v. Key*, 39 Ala. 116; *Otis v. McMillan*, 70 Ala. 52. Under a conveyance of a reversionary interest, the contract rights of a lessee which vested anterior to the conveyance are unaffected by the conveyance. The grantee can not enter, or sue in ejectment, or terminate the unexpired lease. His conveyance is subordinate to the lease.

A mortgagor in possession of the mortgaged lands is the owner, against all persons and for all purposes, except as against his mortgagee; but as to him, there being no reservation of right to the possession or to the rents in the conveyance, he is a mere tenant at sufferance. The mortgagee may enter, or bring ejectment to recover possession. But, if he does not enter, or bring ejectment, or give notice that he claims the rents, the mortgagor is entitled to the rents. All payments of rent by his tenants to the mortgagor, be-

[Mortgage Cos. v. Turner; Same v. Simmons.]

fore entry or notice, will be sustained. After the law-day of the mortgage, the tenants of the mortgagor who have become such after the execution of the mortgage are not the tenants of the mortgagee. The mortgagee's relations to the tenants of the mortgagor, under such circumstances, are entirely different from those which exist between a lessee and his tenants and a mortgagee of the leased premises where the mortgage was made after the contract of lease and tenancy, and before the lease had expired. In the former case, the lease is subordinate to the mortgage; in the latter, the mortgage is subordinate to the lease. The mortgagor may claim the rents after the law-day, and after notice may recover the rent which accrues thereafter; but the right to recover rents in such cases does not grew out of the relation of landlord and tenant. It is the right to recover for the use and occupation of his premises, the value of which is fixed by the rental agreement, where he gives notice that he will claim the rents. The tenants, by attorning to the purchaser or mortgagee, may create, as between them, the relationship of landlord and tenant; but, if the tenants refuse to do so, and deny his right to the possession or the rents, there is no contract of tenancy, express or implied. The lien given by statute is an incident to tenancy created by contract, express or implied. Under the statute, it may be enforced by attachment at the suit of the landlord, or his assignee; but the right of attachment to enforce the landlord's lien is not given by the statute to one who has no relation of privity, or contract with the tenant. These conclusions are fully sustained by the following authorities: *Drakeford v. Turk,* 75 Ala. 340; *Coffey v. Hunt,* *Ib.* 236; *Tucker v. Adams,* 52 Ala. 254; *Scott v. Ware,* 65 Ala. 180; *Otis v. McMillan,* 70 Ala. 49; *Comer v. Shehan,* 74 Ala. 452; *Kirkpatrick v. Boyd,* 90 Ala. 449.

Sectons 1879 and 1880 of the Code read as follows: Section 1879: "Where real estate, or any interest therein, is sold under execution, or by virtue of any decree in chancery, or under any deed of trust, or power of sale in a mortgage, the same may be redeemed by the debtor from the purchaser, or his vendee, within two years thereafter, in manner following." Section 1880: "The possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by the debtor, if in his possession, on demand of the purchaser or his vendee. If the land is in the possession of a tenant, notice to him by the purchaser, or his vendee, of the purchase, after the lapse of ten days from the time of the sale, and that it has

not been redeemed, vests the right to the possession in him, in the same manner as if such tenant had attorned to him." These two sections were first adopted in the Code of 1852, and constitute a part of the system declaring and regulating the relation of a defendant debtor and the purchaser, after his land has been sold under execution, and of a mortgagor and purchaser at mortgage sale, and the exercise of the statutory right of redemption. Section 1880 declares, that if the land is in possession of the debtor, on demand he must deliver it to the purchaser. "If in the possession of a tenant, notice to the tenant vests the right to the possession in him, in the same manner as if the tenant had attorned to him." The latter clause was not intended to create the relation of landlord and tenant between the purchaser and the tenant of the mortgagor. To so hold would lead to the conclusion, that a mortgagor, by a letting subsequent to the mortgage, could invest his tenant with a greater interest than he himself possessed. Followed out, it would enable the mortgagor, by a long lease for an inconslderable consideration, to defeat entirely the security of the mortgage. We have uniformly held, as the authorities cited above show, and to which many others might be added, that a mortgagor is a mere tenant at sufferance of the mortgagee, who may treat him and his tenants as trespassers, and evict them at pleasure. This could not be the case, if the law legally imposed the relation of landlord and tenant. So, contracts relative to the mortgaged property, subsequent to the mortgage, by every principle of law are subordinate to it, and the mortgagee's right of entry. The provision that notice by the purchaser to the tenant "vests the right to the possession in him in the same manner as if such tenant had attorned to him," was intended to cut off from the tenant any defense against the right of the purchaser to the *possession* of the property. When a contract of tenancy has expired by its own provisions, the landlord is vested with the right to the possession, and the tenant can not dispute the right. So, when the relation of tenancy is entered into after the execution of a mortgage, and the mortgage is foreclosed, and the land is in possession of the tenant, notice to him under the statute terminates the tenancy, and vests in the purchaser the possession as completely as if such tenant had attorned to the •purchaser instead of his landlord, and the contract of lease had terminated by its own limitations, instead of having been terminated by the notice given by the purchaser to the tenant. The tenant can not dispute the right to the possession in

the one case any more than in the other. The statute was never intended to invest in a tenant of the mortgagor a greater estate than the mortgagor possessed.

Under the principles declared in the foregoing authorities, and our constuction of sections 1880-81 of the Code, it follows that plaintiff had no right to the writ of attachment, and it is evident that the remedy offered plaintiff by a court of law under the facts of the case was wholly inadequate to secure him the collection of any rents or mesne profits which might be awarded him for the detention of his property in his ejectment suit.

We think the case made by the bill and answer of Turner, considered in connection with the decrees *pro confesso* against the tenant defendants, entitled the complainants to the appointment of a receiver.

Reversed and remanded.