# Bush v. Fuller.

*Ejectment.*

(Decided June 16, 1911.   55 South. 1000.)

1. *Landlord and Tenant; Vendor and Purchaser; Default.*—Where a purchaser is let into possession under an executory contract, a default in the payment of the purchase money, though it destroys his right as a purchaser does not make him a tenant of the vendor.

2. *Same; Tendency at Sufferance.*—Where a purchaser of land was let into possession under an executory agreement, and made de-

[Bush v. Fuller.]

fault, but remained in possession, he became a tenant by sufferance by operation of law, and was not entitled to notice to quit

3. *Same; Ejectment; Notice to Quit.*—Ejectment being a possessory action, the plaintiff must not only show title but right of possession at the commencement of the suit, and hence, ejectment cannot be maintained against a tenant at will, who has not been given ten days notice to quit as required by law.

4. *Same; Tenancy at Will.*—While a mistaken notion on the part of landlord that the tenant was a tenant at will, could not have the effect of changing a tenancy by sufferance to one at will, yet a notice by the landlord to the tenant wherein he recited that the tenancy was one at will, justifies an inference that the holding is in fact a tenancy at will.

5. *Same; Notice to Quit.*—Where a landlord serves notice on a tenant at sufferance demanding possession in ten days, such notice by necessary implication extended defendant's possession until the expiration of ten days, and nothing short of a demand could make the possession unlawful before the expiration of that time so as to authorize ejectment.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Ejectment by W. D. Bush against F. D. Fuller. Judgment for defendant and plaintiff appeals. Affirmed.

PINKNEY SCOTT, for appellant. No brief reached the Reporter.

LONDON & FITTS, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The appellant sued the appellee in statutory ejectment, and the case was tried by the court without a jury on an agreed statement of facts.

B. H. Johnson, the former owner of the land sued for, sold it to the defendant on August 13, 1907, and executed to him on that day a bond for title in the usual form, undertaking, upon defendant's payment of all and the last of eight purchase-money installments as they became due, to convey the land to the defendant by sufficient deed in fee simple. The defendant did not pay any of these notes at any time, although he paid in monthly

installments the interest on the entire debt of $3,500 down to January, 1909. In the meantime, on July 16, 1908, said B. H. Johnson executed a conditional deed, conveying the same land to the plaintiff, the deed being delivered in escrow, to be delivered to the plaintiff contingently on January 16, 1909. The grantor not meeting the condition, the deed was duly delivered by the holder to the plaintiff, and he became thereby invested with all the title of his grantor, which was a perfect legal title, subject to the equitable rights of the defendant under his bond for title. On January 29, 1909, the plaintiff, Bush, served on the defendant, Fuller, the following notice: "You are hereby notified *as a tenant at will* on the property hereinafter set out and described that the duration of the tenancy is hereby terminated, and that you are required, *within ten days* after this notice, on receipt of same, to vacate the premises hereinafter set out as follows: (describing the property sued for.)" On this state of facts the trial court rendered judgment for the defendant, which was duly excepted to, and is now appealed from by the plaintiff.

1. When a purchaser is let into the possession of land under an executory agreement of purchase, as in the present case, and makes default in the payment of the purchase money at the time or times stipulated, he loses his rights as purchaser (in a court of law), but he does not ipso facto become a tenant of the vendor. As said by Brickell, C. J., in *Tucker v. Adams*, 52 Ala. 254, 258: "If the vendor has not parted with the legal title, and the vendee fails to pay the purchase money, he has three remedies, all of which he may pursue at the same time, and cannot be compelled to elect between them. He may maintain ejectment on his legal title, sue at law for the recovery of the purchase money, and proceed in equity for the enforcement of his lien for the purchase money.

If he has parted with the legal title, the vendee cannot by possibility be treated as his tenant. If he has not parted with the legal title, treating the vendee as his tenant, liable for rent, would operate a destruction of the contract of purchase, and the substitution of a different contract the parties did not make."—See, also, *Gravlee v. Williams,* 112 Ala. 539, 543, 20 South. 952, where this relationship is discussed.

2. In the present case the defendant, on making default in the payment of the purchase price, did not become a tenant at will of the vendor, or his successor in interest, unless such person expressly or impliedly agreed that he might remain in possession after such default. In the absence of such permission, his tenure would be a quasi tenancy, called tenancy at sufferance, which arises purely by operation of law, when one who has come into possession of land by a lawful title keeps it afterward, without any right at all, before demand by the lawful owner.—24 Cyc. 1041. He holds without right, and yet is not a trespasser.—1 Wash. on Real Property, 648. But the moment the parties agree, the one to hold and the other to permit him to hold possession, it becomes a tenancy at will, or from year to year, and ceases to be one at sufferance.—Id. 651. And a tenant at sufferance is not entitled to notice to quit, or at least to more than is sufficient to enable him to vacate the premises.—Id. 660; Tiedeman on Real Property, § 227, note.

The trial court evidently gave judgment for the defendant on the theory that he was tenant at will of the plaintiff, and as such entitled to 10 days' notice of the termination of his tenancy by the plaintiff, as required by section 4732 of the Code of 1907. The notice to quit was given on January 29, 1909, and as shown by the agreed statement of facts this suit was begun on Feb-

ruary 4, 1911, just *six* days after the notice was given.

3. As we have seen, if the defendant was merely a tenant at sufferance, the plaintiff could have terminated his tenure by simple entry or demand; while, if he was a tenant at will, plaintiff could terminate that tenure only by 10 days' notice in writing. Ejectment, both common law and statutory, is primarily a possessory action, and it is not enough that the plaintiff show title; he must also show a right of possession at the commencement of the suit.—*Williams v. Hartshorn*, 30 Ala. 211; *Goodman v. Winter*, 64 Ala. 410-437, 38 Am. Rep. 13; *Cofer v. Schening*, 98 Ala. 338, 13 South. 123. If, therefore, the evidence authorized the court to find that the relation between the plaintiff and the defendant, on or before January 29, 1909, the date of the notice, was one of tenancy at will, judgment was properly rendered for the defendant, for the obvious reason that the defendant's tenure and right of possession did not terminate until February 8, 1909, and plaintiff's suit was begun prematurely by four days.

4. While it is true that plaintiff's mistaken notion that a tenancy at sufferance was a tenancy at will would not make it so in fact, and while there is no direct evidence that by the plaintiff's permission or agreement it became such, yet the notice to quit given by him to the defendant expressly recites that the defendant was a tenant at will and authorizes him to remain in possession for 10 days thereafter. Hence it may, and in the absence of countervailing proof should, be inferred that the defendant's tenure had become in fact a tendency at will.

5. But, even if this were not so, the notice by necessary implication extended the defendant's permissive possession until February 8; and, conceding that it was revocable at any time by the plaintiff, nothing short of

a demand for possession could have made the defendant's tenure unlawful before the lapse of the 10 days, so as to authorize a suit for possession.

From the foregoing considerations, it results that the judgment must be affirmed.

Affirmed.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.