(120 So. 472)

### WIBLE v. ABRAHAM. (3 Div. 594.)

Court of Appeals of Alabama. Dec. 18, 1928.

Rehearing Denied Jan. 8, 1929. Affirmed on Mandate Feb. 26, 1929.

Goodwyn & Goodwyn, of Montgomery, for appellant.

C. P. McIntyre, of Montgomery, for appellee.

BRICKEN, P. J. Appellee brought suit in the court below against appellant on a promissory note alleged to have been made on the 29th day of December, 1925, and payable on the 29th day of December, 1926. The note sued on was as follows:

"Montgomery, Ala., Dec. 29th, 1925.

"On Dec. 29th, 1925, after date without grace I promise to pay to the order of V. Morgan Morris $400.00 Four Hundred and no/100 Dollars. For Value received with interest from for rent McLemore place on Vaugh Road 160 acres for year 1925 at        per cent per annum.

"Each party to this instrument, whether maker, endorser, surety or guarantor, hereby severally waive as to this debt, or any renewal thereof, all right of exemption under the Constitution and laws of Alabama, as to personal property, and each severally agree to pay all costs of collecting or securing, or attempting to collect or secure this note, including a reasonable attorney's fee whether the same be collected or secured by suit or otherwise. And the maker, endorser, surety or guarantor of this note severally waive demand, presentment, protest, notice of protest, suit and all other requirements necessary to hold them, or either of them, and agree that time of payment may be extended without notice to them or either of them of such extension. The Bank or Company at which this note is payable is hereby authorized to apply, on or after maturity, to the payment of this debt any funds in said Bank or Company belonging to the maker, surety, endorser, guarantor or any one of them.

"W. J. Wible."

Indorsement: "V. Morgan Morris."

Said note was indorsed by the payee, V. Morgan Morris, to A. Abraham, as collateral security to a note or obligation executed by said Morris to Abraham on the 1st day of January, 1925, and payable December 29, 1925.

It appears, with reasonable certainty, that the rent note above set out was intended by the parties, that is, by the maker and the payee, to have been made payable December 29, 1926.

The note expressly recites that it was given for rent of the McLemore place on the Vaughn Road, 160 acres, for the year 1925. That is to say, the note was given by Wible to Morris for the right conferred by Morris on Wible to occupy the McLemore place for the year 1926.

At the time the note was given, the McLemore place was subject to a mortgage, executed by V. Morgan Morris and wife, Katharine S. Morris, on the 2d day of January, 1919, to the Federal Land Bank of New Orleans to secure an indebtedness of $3,200, which said mortgage was recorded in the office of the judge of probate of Montgomery county, Ala.

The contract (note) sued on is one that relates to real estate which was subject to the provisions of a mortgage of which the maker of the note, the payee therein, and the indorsee thereof, all had notice by virtue of its recordation. This mortgage was foreclosed under the power of sale therein contained on the 25th day of May, 1925, and a foreclosure deed conveying said property was on said day executed to Edward F. Bell, the purchaser at said foreclosure sale, and who collected the rent for said year 1926 from said Wible.

In the case of American Freehold Land Mortgage Co. of London v. Turner, 95 Ala. 272, 278, 11 So. 211, 213, the Supreme Court laid down the following principles: (1) "So, contracts relative to the mortgaged property, subsequent to the mortgage, by every principle of law are subordinate to it, and the mortgagee's right of entry." (2) "So, when the relation of tenancy is entered into after the execution of a mortgage, and the mortgage is foreclosed, and the land is in possession of the tenant, notice to him under the Statute terminates the tenancy, and vests in the purchaser the possession as completely as if such tenant had attorned to the purchaser instead of his landlord, and the contract of lease had terminated by its own limitations, instead of having been terminated by the notice given by the purchaser to the tenant."

It is a self-evident fact that, when Abraham received the note sued on from Morris, he so received it impressed with the knowledge that said note was subordinate to the provisions of the above-mentioned mortgage and the mortgagee's right of entry. In other words, Abraham, the indorsee of this note, received the same, as indorsee, burdened with the conditions of the rental contract between a mortgagor and his tenant, which contract was subject to nullification by the foreclosure of the mortgage. We cannot escape the conclusion that the note showing on its face that it was given for the rent of premises, known by the indorsee to be mortgaged, destroyed the negotiability of the note, and let in the defense of failure of consideration in the suit brought by the indorsee against the maker. Verner v. White, 214 Ala. 550, 108 So. 369, and cases and authorities cited therein.

The court below evidently did not take cognizance of the fact that Morris, the payee of the note and indorser thereof, under the authority of American Freehold Land Mortgage Co. v. Turner, 95 Ala. 272, 11 So. 211, supra, was a mere tenant at sufferance, and that, upon foreclosure of his mortgage to the Federal Land Bank of New Orleans, the purchaser at the mortgage sale became and was entitled to the rest of said land for the year 1926. The judgment of the lower court is therefore reversed, and the cause remanded.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Wible v. Abraham, 218 Ala. 664, 120 So. 474.