SEARLES ET AL., RESPONDENTS, *v.* RANDALL, APPELLANT.

(No. 6,590.)

(Submitted February 25, 1930. Decided March 27, 1930.)

[286 Pac. 691.]

Mr. *Harry H. Parsons*, for Appellant.

Mr. *Elmer E. Hershey*, for Respondent.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by plaintiffs to quiet title to certain property in the city of Missoula and to recover from defendant the sum of $75, for the use and occupation of the premises. After issue joined, the cause was tried before the court and judgment entered for plaintiffs in accordance with the prayer of the complaint. Defendant appeals from the judgment.

The record discloses that on June 17, 1922, plaintiffs were the owners of the premises in controversy and on that date John W. and Adelaide L. Ward, husband and wife, purchased the same on deferred payments. A deed was duly executed and delivered to the Missoula Trust & Savings Bank, with an escrow agreement stipulating for the delivery of the deed to the Wards when the full purchase price had been paid. Thereafter the Wards assigned their interest in the property to defendant, who took possession. All payments required were made until June 17, 1927, at which time defendant advised plaintiffs that he would not complete the payments nor further comply with the contract. These facts are not controverted. Plaintiffs' uncontradicted testimony shows that when the agreement was terminated by defendant he did not desire to move from the premises and was permitted to continue in possession, where he resided with his family for a period of three months, and has refused to pay rental for that period. The bank refused to surrender the deed and escrow agreement

unless plaintiffs would execute a receipt fully releasing defendant from all claims of whatever nature. Plaintiffs refused to sign such release, and this action followed.

The sole question presented is whether there is sufficient competent evidence to support the judgment for $75 for the use and occupation of the premises from the date defendant terminated the contract.

The escrow agreement contains this clause: "That should the said John W. Ward, and Adelaide L. Ward, his wife, * * * at any time for a period of thirty days or more fail to make payments as above set forth, then at the option of the said A. D. Searles or Mrs. A. D. Searles, his wife, * * * may reclaim and take up this deed and this escrow agreement shall become null and void, and all payments that may have been made thereon shall be forfeited * * * as liquidated damages and as payment for the use and occupation of said premises."

It is contended by defendant that plaintiffs are bound by the terms of the escrow agreement, and upon his failure to comply with the provisions thereof, plaintiffs' remedy was to terminate the contract and oust defendant. The contention is wholly without merit since defendant admits that he terminated the contract and so notified plaintiffs. There remained nothing for plaintiffs to do; the transaction between plaintiffs and defendant, in so far as the escrow agreement was concerned, was at an end by defendant's own act, and plaintiffs were entitled to the immediate possession of the premises.

"If a party is let into possession under a contract of sale which goes off, he is liable in use and occupation, at the suit of the vendor, for the period during which he continued in possession after the contract went off; although he may not be for occupation prior to the rescinding of the contract." (2 Taylor on Landlord & Tenant, 9th ed., sec. 637; 2 Tiffany on Landlord & Tenant, p. 1867; Tiedeman on Real Property, sec. 216; *Michael* v. *Curtis*, 60 Conn. 363, 22 Atl. 949; *Dwight*

v. *Cutler,* 3 Mich.. 566, 64 Am. Dec. 105; *Howard* v. *Shaw,* 8 Mees. & W. 118, 151 Eng. Rep. [Reprint] 973.)

Upon the termination of the contract by defendant, he became a tenant at will (1 Tiffany on Landlord & Tenant, p. 313; *Bush* v. *Fuller,* 173 Ala. 511, 55 South. 1000), and while there was no specific and definite agreement to pay rent, the law implies a promise on his part to make compensation or pay a reasonable rent for his occupation. (*Carpenter* v. *United States,* 17 Wall. (84 U. S.) 489, 21 L. Ed. 680; *Chambers* v. *Ross,* 25 N. J. L. 293; *Chamberlain* v. *Donahue,* 44 Vt. 57; *Wilkinson* v. *Wilkinson,* 62 Mo. App. 249; *Woodbury* v. *Woodbury,* 47 N. H. 11, 90 Am. Dec. 555.)

We are of the opinion that there is sufficient competent evidence to support the judgment.

For the reasons given the judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Angstman concur.