35 So 2d 162

**MILLER et ux. v. FAUST.**

4 Div. 471.

Supreme Court of Alabama.
March 18, 1948.

Rehearing Denied May 13, 1948.

W. R. Martin, of Ozark, and J. Hubert Farmer, of Dothan, for appellants.

546

Douglas Brown, of Ozark, for appellee.

LAWSON, Justice.

This is a suit by R. L. Faust against W. G. Miller and wife, Annie Miller, to recover for the use and occupation of certain farm land.

On February 6, 1931, the Millers executed a mortgage covering certain farm land and personal property to Riley Trade and Finance Company to secure the payment of a note in the amount of $438.81, due October 1, 1931. On the following day the said mortgage was filed for record in the office of the judge of probate of Dale County, Alabama, and was duly recorded in Mortgage Book 130 at page 277. After default, in February, 1936, the mortgagee, Riley Trade and Finance Company, transferred and assigned to R. L. Faust the debt, the mortgage, the property described therein, except certain personal property, and all the mortgagee's rights of action and remedies contained in said mortgage.

The mortgage debt not having been paid, the real property covered by the mortgage was sold at public outcry, the foreclosure sale being held on December 21, 1936. R. L. Faust, the assignee of the mortgage, purchased the property at the said sale.

Faust, as attorney in fact for the mortgagors and as assignee of the mortgage, executed the deed to himself, which deed appears to have been executed on the day of the sale.

Faust has never been in the actual possession of the land. The Millers have continued in possession. In October, 1943, Faust filed this suit against the Millers to recover for use and occupation of the land by the Millers from the first day of October, 1939, to the first day of October, 1943. When the cause came on for trial in February, 1945, Faust based his right to recover on the fact that he became the owner of the land by virtue of having purchased it at foreclosure sale and that the Millers had used and occupied the land during the period specified in the complaint. There was a verdict in favor of the plaintiff and judgment was in accord with the verdict. The Millers appealed. In an opinion reported in 248 Ala. 268, 26 So.2d 908, we reversed the judgment of the trial court and remanded the cause for another trial. In effect, the reversal was based on the fact that Faust had not introduced sufficient evidence to show that he was the owner of the land inasmuch as he only introduced in evidence the foreclosure deed but failed to introduce the mortgage which was foreclosed.

When the cause came on for trial after remandment, the plaintiff, Faust, again introduced in evidence the foreclosure deed upon which he had relied in the first trial, and to meet the former decision of this court (Miller et al. v. Faust, supra) put in evidence the mortgage which he claims was foreclosed. Again there was verdict for the plaintiff, Faust, and judgment was in accord with the verdict. Motion for new trial having been overruled, the defendants, W. G. Miller and wife, Annie Miller, have appealed.

Appellants first contend that they were entitled to the general affirmative charge, which they requested in writing, for the reason that Faust, the plaintiff, did not put in evidence the mortgage which was foreclosed and therefore did not comply with the decision rendered on the former appeal in this case. This claim is based

on the fact that the mortgage which plaintiff introduced in evidence bears an endorsement showing that it was recorded on page 277 of Mortgage Record 130, while the foreclosure deed under which plaintiff claims shows on its face to have been executed under the power of sale contained in a mortgage recorded on page 123 of the same mortgage record.

We cannot agree with this contention. We do not think that this obvious clerical error is controlling in view of the other recitals in the foreclosure deed which clearly demonstrate that the mortgage which was foreclosed and which foreclosure resulted in the execution of the foreclosure deed upon which plaintiff relies was the mortgage introduced in evidence by the plaintiff, Faust.

There is no contention made here that the said mortgage did not contain the powers of sale recited in the foreclosure deed. It affirmatively appears that all such powers were contained in the mortgage, together with the provision that the mortgagee or its assigns could purchase the property covered by the mortgage at the foreclosure sale held in compliance with other powers of sale therein enumerated.

█ The right of a purchaser at a mortgage foreclosure sale to maintain the action of use and occupation against a mortgagor who remains in possession was definitely upheld in the case of Bates v. Bank of Moulton, 226 Ala. 679, 148 So. 150, 153. It was there said: "Of course, after foreclosure, if the mortgagor continues in possession of the premises, he is to be treated as a tenant at will, or at sufferance, of the purchaser, depending upon the facts of the particular case, and as such is liable to the purchaser for use and occupation of the premises."

Faust, the plaintiff in this case, testified that immediately after he purchased the land at the foreclosure sale, he made written demand upon the defendants, the mortgagor and his wife, for possession of the land. This evidence was admitted without objection. He also testified that notice was given the defendants of his purchase of the land at the foreclosure sale. The defendant, W. G. Miller, denied that

any such demand was made or notice given. The other defendant, Annie Miller, did not testify.

Appellants here insist that even if the evidence of Faust in regard to the demand for possession stood uncontradicted that it does not show such demand that would enable him to maintain an action for use and occupation against them.

It is the insistence of appellants that in order for Faust to have maintained this action the evidence should have shown that demand for possession was made in compliance with the requirements of § 730, Title 7, Code 1940.

█ The provisions of § 730, Title 7, Code 1940, as regards demand for possession, have no application to the instant proceedings. In the case of Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52, 53, Carrie K. Walsh, the purchaser at a foreclosure sale, sued the Bank of Moundville to recover money collected by the bank on rent notes assigned to it by the mortgagor. It was there said:

"In its former opinion (216 Ala. 116, 112 So. 438) this court appears to have laid stress upon section 5747 of the Code of 1907—section 10143 of the present Code [§ 730, Title 7, Code 1940]. That section deals with the right of redemption and the forfeiture of that right by the failure of the debtor or anyone holding under him to comply with its provisions. And the right of appellant, plaintiff, purchaser at the foreclosure sale, to receive from the tenants of the debtor rents falling due after foreclosure depends upon different considerations."

The same rule is applicable to the right of the purchaser at a foreclosure sale to recover for use and occupation from the mortgagor remaining in possession.

█ There is no evidence on behalf of either the plaintiff or the defendants which tends to show that after Faust purchased the land at the foreclosure sale there was any kind of an understanding or agreement between Faust and the defendants as to the latter remaining in possession of the property subject to the will of Faust. Therefore, under the rule an-

548

nounced in Buchmann v. Callahan, 222 Ala. 240, 131 So. 799, 801, we are of the opinion that the defendants remained in possession of the land as tenants at sufferance. In the case last cited the present Chief Justice, after reviewing many of the decisions relating to the relationship of the mortgagee to a mortgagor remaining in possession, said as follows:

"There are expressions in some of our cases, notably American Freehold Land Mortgage Co. v. Turner, supra [95 Ala. 272, 11 So. 211], to the effect that the mortgagor is a mere tenant at sufferance of the mortgagee, while other cases (illustrated by Hughes & Tidwell Supply Co. v. Carr, supra [203 Ala. 469, 83 So. 472], and Lamar v. Johnson, supra [16 Ala.App. 648, 81 So. 140]), designate him as a tenant at will. But these expressions are to be viewed in the light of the facts and circumstances in each case, and in view of the line of demarkation between a tenant at will and by sufferance. If the mortgagor is permitted to remain in possession he is a tenant at will, but if his possession is without the mortgagee's assent or dissent, then he is a tenant at sufferance merely. 35 Corpus Juris, 1135. As said in Welsh v. Phillips, supra [54 Ala. 309, 25 Am.Rep. 679], 'If the mortgagor is permitted to remain in possession, he is the mere tenant at will of the mortgagee,' but otherwise and without such permission it follows he would be a tenant at sufferance only. American Freehold Land Mortgage Co. v. Turner, supra."

The same rule applies in determining the relationship between the purchaser at foreclosure sale and a mortgagor remaining in possession. It is settled law that a tenant at sufferance is not entitled to any statutory form of notice to quit in order to terminate his tenancy. Bush v. Fuller, 173 Ala. 511, 55 So. 1000; Rutledge v. White, 206 Ala. 329, 89 So. 599. His tenancy can be terminated by simple entry or demand. Bush v. Fuller, supra. No statutory provision has come to our attention which requires any specific type of demand for possession or mode of service to be made upon a tenant at sufferance. We are of the opinion that the demand for possession which Faust testified he made upon the defendants was sufficient to enable him to maintain the action for use and occupation. As to whether or not such a demand was made was a question for the jury, the evidence bearing thereon being in sharp conflict.

■ The defendants sought to prove that they had paid off the mortgage debt. The evidence in this connection was in conflict. Even if it be assumed that in this action the defendants could defend on this ground, we are clear to the conclusion that the evidence presented a jury question. The jury found for the plaintiff and we do not feel inclined to disturb that finding.

■■ We have discussed above the only three assignments of error argued in brief of counsel for appellants. Assignments of error not insisted upon in brief are treated as having been waived and abandoned. Louisville & Nashville R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Harper v. Raisin Fertilizer Co., 148 Ala. 360, 42 So. 550. The mere statement in brief of counsel that "as to other assignments of error made by the appellants, we submit them for the consideration of the court," is certainly no more than a repetition of the assignments of error and will not be considered by the court as an insistence in argument. Ward v. Hood, 124 Ala. 570, 27 So. 245.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.